Ginsburg, Appellant, *v.* Halpern.

Argued October 7, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*Paul Ginsburg,* appellant, in propria persona.

*Kenneth G. Jackson,* with him *W. Gordon Rauck,* and *Thorp, Reed & Armstrong,* for appellees.

OPINION PER CURIAM, November 14, 1955:

The judgment of the court below is affirmed at the appellant's costs, on the following excerpts from the opinion of Judge MARSHALL:

"This case is an outgrowth of plaintiff's controversy in three other actions, one of which was an Equity action brought against plaintiff's father and two of which were controversies in Federal Courts in Illinois and Kentucky. The plaintiff had an action in the U. S. District Court in Illinois against a firm of Chicago lawyers which grew out of proceedings wherein plaintiff moved for leave to intervene as a friend of the court. The Chicago lawyers have filed an answer. This proceeding was dismissed and the Supreme Court of the U. S. denied an appeal at 343 U. S. 934. Plaintiff later had a petition denied in Kentucky against a firm of Louisville lawyers. In 1952 plaintiff filed a complaint before the Committee on Professional Ethics of the American Bar Association. This also was dismissed. Later the plaintiff in this court filed a petition to open the injunction and vacate the same. In this the plaintiff averred facts which would tend to disestablish the credibility of one Max Perlman mentioned in the instant case and intimately connected with the same. The plaintiff interrogated the defendants in this case concerning matters which would prove that Max Perlman had been forced to resign as Presi-

dent of the Washington Trust Company of which defendants were Directors as a result of the alleged wrongdoing of Perlman. Defendants deny such defalcations or forced resignation of Perlman, nevertheless plaintiff claims the defalcations and resignation were part of the official report filed with the Department of Banking.

"In paragraph 12 of the instant case plaintiff claims that denials by defendants were made to damage plaintiff's professional standing and reputation. The plaintiff does not aver that defendants were in any way acquainted with the Chicago and Louisville lawyers. Even if defendants had been shown to have volunteered to be witnesses and then [gave] false testimony against plaintiff [it] would not constitute a valid cause of action. In support of this we refer to the Restatement, Torts, §588. We believe there is no civil action for perjury and apparently the plaintiff recognizes this doctrine of law but seeks to avoid it by claiming conspiracy. The courts have uniformly held that where such assertions have been made . . . they do not constitute a cause of action. We cite *Kantor v. Kessler,* 132 N.J.L. 336, and *Felts v. Paradise,* 178 Tenn. 421. The courts in these two decisions are supported by the courts of Florida, Illinois, Kentucky, Massachusetts, Maryland, Maine and others. The [claim of the] plaintiff . . . that certain assertions by the Chicago and Louisville lawyers were scandalous and libelous is contradicted by other averments in the complaint."

Judgment affirmed at the appellant's costs.