Paul GINSBURG, Plaintiff,

v.

Horace STERN, Allen M. Stearne, Charles Alvin Jones, John C. Bell, Jr., Thomas McKeen Chidsey, Michael A. Musmanno, and John C. Arnold, individually and jointly as Justices of the Supreme Court of Pennsylvania, Defendants.

Civ. A. 14240.

United States District Court
W. D. Pennsylvania.

Dec. 18, 1956.

Paul Ginsburg, Pittsburgh, Pa., for plaintiff.

Herbert B. Cohen, Atty. Gen. of Pa., Leonard Mendelson, Deputy Atty. Gen., for defendant.

McILVAINE, District Judge.

The plaintiff in this case has filed suit against the defendants individually and jointly as Justices of the Supreme Court of Pennsylvania and seeks jurisdiction of this Court pursuant to the Civil Rights Acts, 42 U.S.C.A. §§ 1983, 1985, 1986.

He alleges that he is a practicing lawyer, and a member in good standing of the Bars of the Courts of the Commonwealth of Pennsylvania, and the United States District Court.

His complaint is separated into three causes of action:

In the first cause of action he alleges that the defendants arbitrarily, discriminatorily, and illegally entered orders quashing an appeal of his in the Courts of Pennsylvania contrary to the provisions of the Act of June 16, 1836, P.L. 784, 17 P.S.Pa. § 41.

The second cause of action alleges that he filed a suit against certain persons alleging a conspiracy to cheat and defraud him. This suit was dismissed by the Common Pleas Court. An appeal was taken to the Supreme Court of Pennsylvania. Ginsburg v. Halpern, 383 Pa. 178, 118 A.2d 201. However, he alleges that the Supreme Court of Pennsylvania refused to permit him to limit the contents on an appeal of the printed record before them and alleges that such action was arbitrary, discriminatory, and illegal, thus depriving him of his rights. He further alleges that the requirement of printing the entire record would have cost him an exorbitant amount of money, and the order denying same deprives him of his rights. He alleges that he petitioned for reconsideration of the court's order but same was denied. He alleges that all of the Acts were effected in combination, confederation, and joint agreement of the defendants to deprive him of his substantive and procedural rights under the law.

In his third cause of action he alleges that he brought suit against two other individuals for damages for conspiring

to discredit him. This suit was dismissed by the Court of Common Pleas of Allegheny County for the reasons that the complaint failed to state a cause of action. The plaintiff alleges that he appealed to the Supreme Court of Pennsylvania, and that they affirmed the action of the lower court. He alleges that the affirmation of the lower court decision was arbitrarily, discriminatorily, and illegally handed down so as to deprive him of his property, constitutional and civil rights.

Since the complaint has been filed the following motions have been filed on behalf of the parties to the action which have not been disposed of. They are as follows:

(1) by defendants, under Rule 12, Fed.Rules Civ.Proc. 28 U.S.C.A., to dismiss the action because the complaint fails to state a claim against defendants upon which relief can be granted;

(2) by defendants, under Rule 12, to dismiss the action on the ground that the court lacks jurisdiction because the action is between citizens of the same state and the alleged federal questions are frivolous, chimerical, and unsubstantial;

(3) by defendants, under Rule 12, to strike the complaint as contemptuous, impertinent, and scandalous;

(4) by defendants, to strike the complaint as sham and false, as contemptuous, and filed with intent to defeat the purpose of Rule 11;

(5) by defendants, to vacate and set aside plaintiff's notice of the taking of defendants' depositions and to enter an order that defendants' depositions be not taken, for the reasons that the taking of such depositions would obstruct the administration of justice, is sought for the sole purpose of annoying, harrassing, and molesting defendants and not in good faith, would impose upon defendants undue annoyance and inconvenience, could reasonably inquire only into matters that are privileged, would not furnish support to the complaint, and is premature;

(6) by plaintiff, to require counsel for defendants to file "written explanatory statement" of what good ground, exists to support defendants' motions referred to in paragraphs 2, 3, 4, and 5 above.

The most basic motion filed is that of the defendants in which they ask that the complaint be dismissed because it fails to state a cause of action upon which relief can be granted. Should this motion be granted, the other motions would become moot. However, should we deny same, then the other motions would have to be acted upon.

It is the opinion of this Court, and agreed to by the parties, that the matters raised in the legal positions involved under the first motion, that is presently before the Court, involves the very same issue presented to and acted upon by the Honorable Wallace S. Gourley, Chief Judge of this district, who ruled in the case of Ginsburg v. Stern, D.C., 19 F.R.D. 238, that an amended complaint could not be filed because of the doctrine of judicial immunity from suits irrespective of the Civil Rights Act. The decision of Judge Gourley has been appealed to the United States Court of Appeals for the Third Circuit. This Court indicated at the time of the argument that it might take no action until our Appellate Court has decided the case. However, petitioner has persisted in making verbal appeals that some action be taken on his motion under Rule 11. Therefore, this Court feels that it is obliged to act as stated previously and the basic consideration is whether the plaintiff has set forth a cause of action.

It is the opinion of this Court that the opinion of Chief Judge Gourley in the case of Ginsburg v. Stern, supra, is a well-reasoned and thoughtful opinion which this Court will follow and on the authority of that opinion the motion of defendants under Rule 12 to dismiss the plaintiff's action because the complaint fails to state a claim against the defendants upon which relief can be

granted should be granted and the action should be dismissed.

To review the authorities and the reasons for judicial immunity would be redundant in view of the recent opinion of Judge Gourley in which this Court concurs. Therefore, since this Court is dismissing plaintiff's complaint there is no reason to act on his motion under Rule 11.

However, this Court feels compelled to make some additional comments on certain questions presented. The matter before the Court is just one more step in a long series of litigation indulged in by this plaintiff. A large part of it and the part with which I am concerned deals with that litigation and charges directed against the Judges of the Supreme Court of the Commonwealth of Pennsylvania and the Judges of the Federal Courts.

The Court knows all these men by reputation and most of them personally. Many are close personal friends. They come from all walks of life. They are members of all political parties. Their religious viewpoints are varied. Their racial backgrounds are diverse. As a group they have attained the high esteem of the public, the bench, and bar. They are men of honor. As a group they are a fair representation of our judiciary.

The judiciary is one of our three great components of government. Because of its importance to the citizen, it is necessary that the public's confidence in its integrity be maintained. It is charged with the ultimate responsibility for the administration of justice. As a result it works closely with and guides the members of the bar. And the members of the bar owe it a corresponding duty; as at least in the figurative sense, the lawyers are officers of the court. No member of the profession should and can flaunt the dignity and the authority of the judiciary. There is an inherent right for the courts to insist on this. This petitioner, a member of the bar, has by his actions done this. His constant and repeated charges of prejudice and conspiracy can only lessen our whole system of judicial administration. He has not been denied his day in court, nor should he be. But it is my opinion that a court has an inherent right to protect itself against impertinent, implied, and direct accusations. To believe that a distinguished group of judges, representing all political and religious beliefs, elected and appointed, are all prejudiced or conspirators, and their evil motives all directed against one individual is too much to believe. Therefore, in addition to dismissing this on the authorities cited, I am commenting on the actions of this attorney in bringing this obviously unnecessary action which has brought anguish to a great Chief Justice of Pennsylvania on the eve of his retirement after thirty-seven fruitful years as a great and good judge, and in the words of the Chief Judge of this Circuit, a "Judge's Judge", as well as repeated undeserved attack on the Chief Justice's distinguished colleagues and my own associates.

Complaint dismissed.