**Paul GINSBURG, Appellant**

v.

**Horace STERN, Allen M. Stearne, Charles Alvin Jones, John C. Bell, Jr., Thomas McKeen, Chidsey, Michael A. Musmanno and John C. Arnold, Individually and Jointly as Justices of the Supreme Court of Pennsylvania.**

**No. 12764.**

United States Court of Appeals Third Circuit.

Argued Feb. 2, 1959.

Decided Feb. 17, 1959.

Rehearing Denied March 16, 1959.

Paul Ginsburg, Pittsburgh, Pa., for appellant.

Harry J. Rubin, Deputy Atty. Gen., of Pennsylvania (Lois G. Forer and Harrington Adams, Deputy Atty. Gen., on the brief), for appellees.

Before GOODRICH and STALEY, Circuit Judges, and STEEL, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court for the Western District of Pennsylvania. The chronology of the case follows.

On February 2, 1956, plaintiff instituted a civil action against the Justices of the Supreme Court of Pennsylvania individually and jointly, charging them with a violation of the Civil Rights Acts, 42 U.S.C.A. §§ 1983, 1985, 1986. On motion the district court on December 18, 1956, dismissed the complaint, holding that it failed to state a claim upon which relief could be granted, on the ground that defendants, as judges acting in their official capacity, were immune from liability. D.C.W.D.Pa.1956, 148 F.Supp. 663. During the pendency of plaintiff's appeal from the district court judgment, this Court denied his motion to remand. The judgment of the district court subsequently was affirmed. 3 Cir., 1958, 251 F.2d 49. This Court, declining to rule on the immunity point, held nevertheless that plaintiff's complaint failed to state a claim upon which relief could be granted. Id. at page 50. A petition for rehearing was denied. Id. at page 49. On April 14, 1958, the Supreme Court denied certiorari, 356 U.S. 932, 78 S.Ct. 774, 2 L.Ed.2d 762, and on April 21, 1958, this Court's mandate was issued to the district court.

Plaintiff's petition for rehearing was denied by the Supreme Court on May 5, 1958, 356 U.S. 954, 78 S.Ct. 914, 2 L.Ed. 2d 847, as was his motion to remand on June 23, 1958, 357 U.S. 924, 78 S.Ct. 1368, 2 L.Ed.2d 1369.

On the same date plaintiff filed in the district court a motion to vacate its order dismissing the complaint and for other relief. The plaintiff now appeals from the district court's order denying the motion.

Since the order of December 18, 1956, dismissing the complaint which plaintiff sought to have the district court vacate was affirmed by this Court in 3 Cir., 251 F.2d 49 and a mandate of affirmance had been issued thereon, the district court was right in refusing to vacate the order of December 18, 1956, under the principle stated in Butcher & Sherrerd v. Welsh, 3 Cir., 1953, 206 F.2d 259, 262.

The judgment of the district court will be affirmed.