## Homer v. Ciamacco

*Louise Porac*, for plaintiff.
*James K. O'Malley*, for defendants.

BARRY, *J.*, June 16, 1977 — This case comes before the court en banc on defendants' preliminary objections in the nature of a demurrer to plaintiff's complaint.

Plaintiff was convicted in the U. S. District Court for the Western District of Pennsylvania of two counts of extortion and one count of perjury. His conviction has recently been upheld by the United States Supreme Court. The instant action alleges that defendants herein engaged in a civil conspiracy which resulted in plaintiff's conviction. Specifically, plaintiff alleges that defendants conspired by providing the Government with false grand jury testimony and by procuring witnesses who testified falsely at the trial which resulted in plaintiff's conviction.

The defendants have filed preliminary objections in the nature of a demurrer to Homer's com-

plaint. Defendants contend that the instant action is nothing more than an attempt to civilly litigate what has been properly determined; the guilt of Homer. In effect, they argue, the present action is simply a civil action for perjury, for which there is no recognized cause of action in Pennsylvania.

In opposition to the defendants' preliminary objections, Homer argues that the present action is not a civil action for perjury since none of the defendants gave testimony at trial, but rather chose to invoke their Fifth Amendment privilege against self-incrimination. Having done so, Homer argues, they are immune from an action for perjury. Homer further argues that since the defendants refused to testify the issue of their allegedly false and conspiratorial conduct was not litigated in the prior criminal action and, therefore, is not subject to the doctrine of collateral estoppel.

In resolving a demurrer all well pleaded facts must be taken in the light most favorable to plaintiff: Buchanan v. Brentwood Federal Savings & Loan Assoc., 457 Pa. 135, 320 A.2d 117 (1974).

The fundamental thrust of plaintiff's position in the instant case is that he was wrongfully convicted of crimes as a result of the false testimony and collusive actions of the defendants.

As plaintiff has admitted, defendants offered no testimony at trial. Plaintiff's conviction, therefore, being based solely upon the evidence presented to the jury at trial, can in no way be the result of defendants' allegedly false grand jury testimony. Thus, the alleged false testimony supplied by defendants in no way contributed to the jury's finding of guilt, for they were entirely unaware of such alleged conduct. Their verdict was arrived at without any knowledge of testimony by defend-

ants. Plaintiff's attempt to collaterally assail the jury's finding of guilt on the ground of alleged false testimony which was never presented to the jury is, therefore, without merit.

Plaintiff's second contention is that he was wrongfully convicted on the basis of false testimony of others which was procured through the collusion of defendants. Again, plaintiff attempts to attack the wisdom of the jury's finding of guilt under the guise of civil conspiracy. The focal point of Homer's contention is that defendants knowingly procured false testimony which, after presentation at trial, resulted in plaintiff's conviction. The action here, therefore, seeks to reexamine the truth or falsity of testimony offered at the prior trial. In this regard, the inescapable characterization of the present action is a civil action for perjury.

In Ginsbuerg v. Halpern, 383 Pa. 178, 180, 118 A.2d 201 (1955), the Supreme Court of Pennsylvania stated:

" 'Even if defendants had been shown to have volunteered to be witnesses and then [gave] false testimony against plaintiff [it] would not constitute a valid cause of action. In support of this we refer to the Restatement, Torts §588. We believe there is no civil action for perjury and apparently the plaintiff recognizes this doctrine of law but seeks to avoid it by claiming conspiracy. The courts have uniformly held that where such assertions have been made . . . they do not constitute a cause of action. We cite Kantor v. Kessler, 132 N. J. L. 336 and Felts v. Paradise, 178 Tenn. 421. The courts in these two decisions are supported by the courts of Florida, Illinois, Kentucky, Massachusetts, Maryland, Maine and others.' "

Plaintiff argues that it is the collusive conduct of defendants in procuring such witnesses, not the testimony of the witnesses, that is the subject of the instant suit. The result of that conduct was the testimony presented at trial. The jury evaluated this testimony and after due deliberation found it sufficiently credible to resolve all reasonable doubts regarding the plaintiff's guilt. Again, therefore, the true import of plaintiff's instant action lies in its challenge to the wisdom of the jury's verdict. The focal point of this challenge lies in the attempted re-evaluation of testimony which has already been found sufficiently credible to extinguish all reasonable doubt.

In the instant case, the court is of the opinion that the focal point of plaintiff Homer's challenge lies in the re-evaluation of testimony which has been found credible by a jury in a prior proceeding. It is, therefore, fundamentally a civil action for perjury. Recognizing that no such cause of action exists in Pennsylvania, plaintiff seeks to circumvent the unavailability of a cause of action by labeling this case as one sounding in civil conspiracy.

Additionally, the court is of the opinion that both the prior proceeding and the instant case revolve around a single issue; is there sufficient credible evidence to support plaintiff's conviction? This issue was litigated and resolved in the prior proceeding. Plaintiff is, therefore, estopped from collaterally attacking this finding of guilt through the instant case.

Finally, the court is of the opinion that the instant action presents a substantial threat to the fair and impartial administration of justice. By allowing witnesses to be subject to civil suit simply upon the allegation of conspiracy is to invite

harassment which will have the inevitable effect of impeding candid testimony, ultimately to the harm of our system of justice. No witness must be made a target solely by virtue of his testimony. The only acceptable manner of challenging the veracity of witnesses is through the criminal appeals process, or via an action for perjury. To allow the simple allegation of conspiracy to destroy the critical insulation which enshrouds each witness is to invite harassment spawned by desperation which will ultimately result in recalcitrant witnesses and inhibited testimony.

In the final analysis, the court is of the opinion that the instant action is fundamentally a civil action for perjury whose focal point is the questioning of the propriety of the jury's finding of guilt; an issue previously litigated and resolved. Also, the court is of the opinion that the present action is a threat to the firmly established judicial policy of insulating witnesses from post-trial harassment.

Defendants' preliminary objections in the nature of a demurrer are, therefore, sustained.