Yee C. ZIA

v.

**Joanne WIMMERSBERGER, Paul Magra, Joseph Wickert.**

Civ. A. No. 78–4351.

United States District Court, E. D. Pennsylvania.

July 29, 1982.

Yee C. Zia, pro se.

Peter F. Vaira, Jr., U. S. Atty., Robert S. Forster, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This diversity action was filed by plaintiff Yee C. Zia against Joanne Wimmersberger, Paul Magra, and Joseph Wickert claiming damages for their alleged perjury arising from the defendants' testimony in *Zia v. United States*, Civil Action No. 76–831. The defendants have moved to dismiss or in the alternative for summary judgment. For the reasons hereinafter stated, the defendants' motion will be treated as one for summary judgment and will be granted.

The defendants, in support of their motion for summary judgment, contend (1) that the plaintiff has not stated a cause of action since Pennsylvania does not recognize an action in tort for damages based upon perjured testimony; (2) that plaintiff is collaterally estopped from alleging a cause of action based on facts which were tried and found against him in *Zia v. United States*; and (3) that the statute of limitations has run as to any and all causes of action which may be considered as having been pleaded by the plaintiff in his pro se complaint.

This is a pro se complaint and under the law it must be construed most favorably to the plaintiff. Cf. 2A Moore's Federal Practice, 8(a)(2) § 8.13; *DeWitt v. Pail*, 366 F.2d 682 (9th Cir. 1966). In construing Mr. Zia's complaint in a manner most favorable to him, it appears that Mr. Zia on the basis of diversity jurisdiction has claimed damages based upon his allegation that the defendants who were witnesses in *Zia v. United States* gave perjured testimony. The Court has also considered Mr. Zia's complaint as though it is claiming that the defendants were negligent or that they committed an intentional tort and as though it is stating a cause of action alleging a violation of his rights under the United States Constitution.

In determining whether the plaintiff in this diversity action has a cause of action for damages based upon alleged perjury, we must look to the Pennsylvania law since the alleged perjured testimony was given at a trial in Pennsylvania. There is no civil action for perjury in Pennsylvania. *Ginsburg v. Halpern*, 383 Pa. 178, 118 A.2d 201 (Pa.Sup.1955). As pointed out by Dean

Prosser, the policy of "complete freedom of expression," has resulted in immunity from civil liability" conferred upon witnesses whether they testify voluntarily or not and even though their testimony is by affidavit or deposition. The resulting lack of any civil remedy against perjurers is simply part of the price that is paid for witnesses who are free from intimidation by the possibility of civil liability for what they say." W. Prosser, *The Law of Torts*, pp. 777–78 (4th ed.).

A review of the amended complaint filed in this case shows that the plaintiff is seeking damages from the defendants for injuries which he suffered as the result of an incident which served as the basis of his claim in *Zia v. United States*, C.A.No. 76–831. On January 30, 1979, the Magistrate who heard the testimony in *Zia v. United States* found the following facts as to the incident on May 20, 1974: The plaintiff was called into the Social Security office in Bristol, Pennsylvania to explain an apparent discrepancy in his age that appeared in the Social Security files. There was a misunderstanding and a commotion ensued between the plaintiff and the employee of the Social Security office concerning the age discrepancy. The defendant, Mr. Wickert, intervened and asked that Mr. Zia either calm down, leave, or move to a conference room where he would not disturb the office. Mr. Zia walked to the conference room where he complained of dizziness and chest pains. The defendant, Joanne Wimmersberger, on the instructions of Mr. Magra, called an ambulance. The ambulance arrived and took Mr. Zia to a hospital. After reviewing the record of the trial, these findings of fact were affirmed by this Court on July 8, 1980. On November 19, 1981, the Court of Appeals for the Third Circuit affirmed the judgment.

Since this Court is also considering that the plaintiff's pro se complaint is alleging a cause of action for negligent or intentionally tortious conduct against the defendants on the basis of diversity jurisdiction and since we are also considering that the plaintiff's pro se complaint is alleging a cause of action based upon the defendants' violation of his rights under the United States Constitution, we will now determine whether the law of collateral estoppel precludes the plaintiff from recovering on such causes of action.

■ Although it is generally stated that in a diversity action the collateral estoppel rule of the state is applied in those situations where a state court judgment is being considered, it appears that the federal rule of collateral estoppel should be applied where the judgment being considered is a judgment of a federal court. In this case the judgment is a federal court judgment. As stated in *Johnson v. United States*, 576 F.2d 606 (5th Cir., 1978),

> Aerojet (*Aerojet General Corp. v. Askew*, 511 F.2d 710 [5th Cir., 1974]) holds that in diversity cases we are to apply federal res judicata principles to prior federal judgments.

.    .    .    .    .

> One of the strongest policies a court can have is that of determining the scope of its own judgments. It would be destructive of the basic principles of the Federal Rules of Civil Procedure to say that the effect of a judgment of a federal court was governed by the law of the state where the court sits simply because the source of federal jurisdiction is diversity. The rights and obligations of the parties are fixed by state law. These may be created, modified and enforced by the state acting through its own judicial establishment. But we think it would be a strange doctrine to allow a state to nullify the judgments of federal courts constitutionally established and given power also to enforce state created rights.

■ Since the prior action of *Zia v. United States* was a Federal Tort Claims action, and prosecuted in federal court, the federal rules as to collateral estoppel will apply to determine its preclusive effect upon the present action. Under federal law in making the determination as to whether the doctrine of collateral estoppel is applicable, four criteria must be satisfied:

(a) the issue sought to be precluded must be the same as that involved in the prior action,

(b) the issue must actually have been litigated,

(c) it must have been determined by a valid and final judgment,

(d) the determination must have been essential to the prior judgment.

*Haize v. Hanover Insurance Co.*, 536 F.2d 576, 579 (3d Cir. 1976); *National Union Electric Corp. v. Matsushita Electrical Industrial Co.*, 498 F.Supp. 991, 1012 (E.D.Pa. 1980).

■ There is no question that these four elements are satisfied. In his federal tort claims action in *Zia v. United States*, an action based on the negligence of the defendants as employees of the United States, Zia presented his evidence concerning the alleged misconduct of the defendants. Thus, the first element is satisfied in that the issue decided in the prior action that there was no liability, based upon the Court's findings of fact as to the defendants' conduct on May 20, 1978 in the Social Security office, is an identical issue. There is no dispute with regard to the second and third elements. There is no question that the plaintiff fully litigated his claims in the prior action of *Zia v. United States* and, as heretofore pointed out, there is a final judgment in *Zia v. United States*. Finally, the fourth element is satisfied in that the determination of the defendants' alleged misconduct was essential to the judgment in *Zia v. United States*.

Therefore, the plaintiff is estopped under the federal law of collateral estoppel from relitigating his claims that the defendants were negligent and/or that they committed an intentional tort and/or that they violated his rights under the United States Constitution.

Furthermore, it should be noted that the plaintiff would likewise be estopped under the Pennsylvania rule as to collateral estoppel. Since the United States Supreme Court decision in *Blonder-Tongue Labs, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788

(1971), which ruled that the doctrine of mutuality need not apply under federal principles of collateral estoppel, and the decision of the Supreme Court of Pennsylvania in *In re Estate of Ellis*, 460 Pa. 281, 333 A.2d 728 (1975), which ruled that Pennsylvania would no longer adhere to the doctrine of mutuality, the Federal and Pennsylvania rules as to collateral estoppel are virtually identical.

■ Finally, the Court has considered defendants' motion as having pleaded the statute of limitations as to the causes of action based upon the incident of May 20, 1974. The Pennsylvania Statute of Limitations for actions sounding in tort is two years (12 P.S. § 34). Thus the plaintiff would have had to bring his negligence and intentional tort actions by May 20, 1976. The present action was not filed until December 28, 1978.

As to the alleged violations of the Constitution, the Court must apply the statute of limitations of the forum state which is the most closely analogous. *Polite v. Diehl*, 507 F.2d 119 (3d Cir. 1974); *Ryzlak v. The Provident Bank*, C.A.No. 78–2260 (E.D.Pa. 1982). The plaintiff's allegations of constitutional violations are most analogous to the state claims of negligence and intentional tort. Thus, the plaintiff would have had to file his action for the alleged constitutional violations by May 20, 1976.

In view of the fact that the Court has considered the record in *Zia v. United States*, the defendants' motion to dismiss will be treated as a motion of the defendants for summary judgment as provided in Rule 12(b), Federal Rules of Civil Procedure, which states, "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."

For the reasons heretofore stated, summary judgment will be entered for the defendants, Joanne Wimmersberger, Paul A.

Magra, and Joseph J. Wickert. An order will be accordingly entered.