## Barr v. Susquehanna Broadcasting Co.

*Eugene R. Campbell,* for plaintiff.
*C. Kent Price,* for defendants.

McCULLOUGH *J.,* October 23, 1987—This matter is before the court on preliminary objections of defendants. These preliminary objections are in the nature of demurrers to Counts I, II, III, VI and VII. The gravamen of each of these counts is plaintiff's claim that he was wrongfully convicted of crimes as a result of false testimony and collusive actions of defendants. Such a claim was considered and rejected by the Supreme Court of Pennsylvania in *Ginsburg v. Halpern,* 383 Pa. 178, 118 A.2d 201 (1955):

". . . Even if defendants had been shown to have volunteered to be witnesses and then [gave] false testimony against plaintiff [it] would not constitute a valid cause of action. In support of this, we refer to the Restatement (Second) of Torts §588. We believe there is no civil action for perjury, and apparently the plaintiff recognizes this doctrine of law but seeks to avoid it by claiming conspiracy. The courts have uniformly held that where such assertions have been made . . . they do not constitute a cause of action. . . ." *Ginsburg v. Halpern, supra,* 383 Pa. at 180.

Restatement of Torts, §588 has been substantially repeated as Restatement (Second) of Torts §588. Comment a. states the rationale for denying such a claim:

"a. The function of witnesses is of fundamental importance in the administration of justice. The final judgment of the tribunal must be based upon the facts as shown by their testimony, and it is necessary, therefore, that a full disclosure not be hampered by fear of private suits for defamation. . . ."

Although factually distinguishable, the opinion in the case of *Homer v. Ciamacco,* 2 D.&C.3d 755

(1977) supports the denial of this plaintiff's claim. In *Homer v. Ciamacco, supra,* the court stated that the action was fundamentally a civil action for perjury whose focal point is the questioning of the propriety of a previous jury's finding of guilt, and the court pointed out that this finding of guilt was an issue previously litigated and resolved. The court also concluded that the civil action was a threat to the firmly established judicial policy of insulating witnesses from post-trial harassment.

Having concluded that the same principles apply to the within case, the court shall enter the following

### ORDER

And now, this October 23, 1987, the court sustains defendants' preliminary objections in the nature of demurrers to Counts I, II, III, VI and VII. Defendants are directed to file a responsive pleading to Counts IV and V of the complaint within 30 days from the date of this order.