## Lichty v. Kucharczuk

*Richard P. Abraham,* for plaintiff.
*Joann L. Drust,* for defendants.

FREEDBERG, *J.*, October 31, 1989 — This matter is before the court for disposition of defendants' preliminary objections in the form of demurrers and motions to strike, or in the alternative, a motion for a more specific pleading. According to the complaint, on January 23, 1987, Linda Lichty, who was pregnant with her fourth child, consulted with defendants, Dr. Kucharczuk and Dr. Smith, about her pregnancy. These doctors had delivered Mrs. Lichty's third child, Amber, in 1984. Amber was born with a neural tube defect, known as anencephaly, and died immediately after birth. Because defendants were aware of Mrs. Lichty's problem with her third child, they undertook certain testing during her fourth pregnancy which revealed that the then-unborn plaintiff, Jenine Lichty, had a neural tube defect. Plaintiff claims that defendants did not perform all the testing which should have been performed. Furthermore, plaintiff alleges that defendants advised Mrs. Lichty that the baby would be normal. Plaintiff claims that as a result of this, Mrs. Lichty was deprived of an opportunity of having specialized physicians assist at the plaintiff's birth which resulted in injury to the plaintiff. For this she seeks compensatory damages in count I.

Plaintiff also claims that defendants, after the birth of plaintiff, created documents designed to appear as though they had been created on January 23, 1987, with the intent of falsifying the medical record, deceiving anyone who read the medical record and fraudulently defeating a potential lawsuit which they suspected, or had reason to suspect, would be filed against them by Mrs. Lichty. For this she seeks punitive damages in count II.

Defendants first preliminary objection is in the nature of a demurrer or, in the alternative, a motion to strike regarding plaintiff's count II for fraud,

breach of fiduciary duty, and intentional spoliation under the circumstances alleged in her complaint. Defendants claim that under the facts of this case, the Commonwealth of Pennsylvania does not recognize a cause of action for intentional spoliation, so that punitive damages are not available. Defendants also object in the nature of a motion to strike, or in the alternative, a motion for a more specific pleading regarding paragraphs 15(a), (b), (n), (o), (p), (s), (t), (v), (w), and (x) in plaintiff's complaint.

Defendants first preliminary objection is a demurrer to count II of plaintiff's complaint, asserting that a cause of action for intentional spoliation (i.e. the destruction, mutilation or alteration of evidence by a party to an action) under the facts of this case does not exist. A preliminary objection in the nature of a demurrer admits all well pleaded facts, as well as all reasonable inferences therefrom, and may not be sustained unless it is clear on the face of the pleading that the law will not permit the recovery sought. Thus, any doubts as to whether such an objection should be sustained must be resolved against the moving party. *Chartiers Valley School District v. Virginia Mansions Apartments,* 340 Pa. Super. 285, 293, 489 A.2d 1381, 1386 (1985). Plaintiff's malpractice suit has not been disposed of adversely to plaintiff.

We hold that no cause of action for spoliation exists where the alleged spoliation is known prior to the trial of the principal case and the alleged spoliator is a party to that case.

In so holding, we note that no civil cause of action for false oral testimony is permitted in this jurisdiction. The Pennsylvania Supreme Court in *Ginsburg v. Halpern,* 383 Pa. 178, 180, 118 A.2d 201, 202 (1955) held:

"Even if defendants had been shown to have

volunteered to be witnesses and then [gave] false testimony against plaintiff [it] would not constitute a valid cause of action. . . . We believe there is no civil action for perjury and apparently the plaintiff recognizes this doctrine of law but seeks to avoid it by claiming conspiracy. The courts have uniformly held that where such assertions have been made . . . they do not constitute a cause of action."

More recently, the Pennsylvania Superior Court in *Pelagatti v. Cohen,* 370 Pa. Super. 422, 432, 536 A.2d 1337, 1342 (1987), held that "it is well settled that private witnesses, as well as counsel, are absolutely immune from damages liability for testimony, albeit false, given or used in judicial proceedings." Additionally, trial courts in *Homer v. Ciamacco,* 2 D.&C. 3d 755 (1977) and *Barr v. Susquehanna Broadcasting Co.,* 45 D.&C. 3d 622 (1987) held that no civil cause of action for perjury exists. Because Pennsylvania does not recognize a civil cause of action for false oral evidence, we believe that a cause of action for false physical evidence should not be recognized. See Annotation, *Spoliation of Evidence,* 70 ALR 4th 984 (1989).

Second, a sufficient sanction to discourage spoliation already exists. 18 Pa.C.S. §4910 provides criminal sanctions for a party who tampers with or fabricates physical evidence.

Third, a party who knows of the spoliation by an opposing party can effectively impeach his opponent at trial. A neighboring jurisdiction has observed:

"The destruction or alteration of evidence by a party gives rise to inferences or presumptions unfavorable to the spoliator, the nature of the inference being dependent upon the intent or motivation of the party. Unexplained and intentional destruction of evidence by a litigant gives rise to an inference that evidence would have been unfavorable to his

cause, but would not in itself amount to substantive proof of a fact essential to his opponent's cause. The maxim, omnia praesumuntur contra spoliatorem, 'all things are presumed against the spoliator,' rests upon a logical proposition that one would ordinarily not destroy evidence favorable to himself." *Miller v. Montgomery County,* 494 A.2d 761, 768 (Md. App. 1985). In the instant case, plaintiff can effectively employ the alleged spoliation at trial to undermine the credibility of defendants, who allegedly committed the act. Thus, there is no need for a separate cause of action for spoliation under these facts.

Finally, since no cause of action for spoliation exists, a cause of action for fraud and breach of fiduciary duty based on spoliation cannot be maintained by a party. See *Ginsburg v. Halpern, supra.*

For these reasons, the demurrer to the cause of action for punitive damages for spoliation is sustained.[*]

Defendants' third preliminary objection deals with paragraph 15(a), (b), (n), (o), (p), (s), (t), (v), (w) and (x) of plaintiff's complaint. Defendants claim that because these contain general allegations of negligence and vague conclusions of law, the allegations should be stricken or, in the alternative, they ask for a more specific pleading. Additionally, defendants' claim that these allegations do not contain material facts as required by Pa.R.C.P. 1019(a) and that the allegations are prejudicial to them because they are sufficient to toll the statute

---

[*] Defendants' argument that the claim is premature since no actual loss has been established misses the point that if a cause of action is established, an award of punitive damages is permissible even if there are no compensatory damages awarded. *Kirkbride v. Lisbon Contractors Inc.,* 521 Pa. 97, 555 A.2d 800 (1989).

of limitations and allow the plaintiff to amend her complaint at any time to include new theories of recovery.

The allegations in question are as follows: (a) failing to adhere to the standard of medical care within the community; (b) failing to adhere to the standard of practice of obstetricians and gynecologists; (n) failing to possess and employ adequate knowledge of neural tube defects; (o) failing to communicate; (p) failing to possess and employ adequate knowledge of ultrasound testing; (s) failing to promptly and properly recognize, diagnose and treat the condition of Linda Lichty and/or Jenine Lichty; (t) failing to properly and promptly respond to the needs of Linda Lichty and/or Jenine Lichty; (v) failing to provide proper and prompt medical, gynecological and obstetrical advice, care and treatment to Linda Lichty and Jenine Lichty; (w) failing to exercise proper skill, diligence and care under the circumstances; and (x) otherwise pursuant to the doctrine of respondeat superior.

In *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983) the court reversed the grant of summary judgment for the defendant which resulted from a refusal to permit the plaintiff to amend the complaint to assert that her injuries resulted from a failure to discover and remedy an existing perforation of the abdominal cavity. The complaint, as originally drafted, alleged that the defendant caused the perforation. The lower court refused to permit the amendment because it introduced a new theory of negligence after the statute of limitations had expired. The Supreme Court reversed because the complaint contained the allegation that defendant was negligent "in otherwise failing to use due care and caution under the circumstances." This language, characterized by

Justice Nix in his dissent as "boilerplate," was held by the majority to be sufficient to justify the allowance of the amendment as merely amplifying the generalized allegation. The Supreme Court stated in a footnote that "[i]f appellee did not know how it 'otherwise fail[ed] to use due care and caution under the circumstances,' it could have filed a preliminary objection in the nature of a request for a more specific pleading or it could have moved to strike that portion of appellant's complaint."

The *Connor* case makes clear that a defendant seeking protection from amendments representing a significant change in theory after the statute of limitations must purge the complaint of generalized averments as in the instant case. See *Farmer v. Rhoads*, 43 D.&C. 3d 393 (1986). We conclude that the averments targeted by the preliminary objections are too generalized and should be stricken.

## ORDER OF COURT

And now, October 31, 1989, defendants' demurrer to count II for spoliation is sustained. Defendants' motion to strike averments 15(a), (b), (n), (o), (p), (s), (t), (v), (w), and (x) is granted. Plaintiff is granted leave to file an amended pleading within 20 days of the date of this order.