**John H. MORLEY, Jr., Appellant**

**v.**

**James J. GORY and David
L. Coward, Appellees.**

Superior Court of Pennsylvania.

Submitted Aug. 5, 2002.

Filed Dec. 31, 2002.

John H. Morley, Jr., appellant, pro se.

David L. Coward, Wilmington, DE, for Coward, appellee.

Dean E. Weisgold, Philadelphia, for Gory, appellee.

Before: McEWEN, P.J.E., JOYCE and HESTER, JJ.

HESTER, J.

¶ 1 John Morley ("Appellant") appeals *pro se* from the March 25, 2002 order sustaining the preliminary objections of James Gory and David Coward ("Appellees") and dismissing the complaint. We affirm.

¶ 2 The trial court has outlined the factual and procedural history of this case as follows:

Appellant John H. Morley, Jr. alleged that Appellees James J. Gory and David L. Coward conspired to commit perjury and committed perjury during a three-day non-jury trial in November and December 2000 in the case of *John H. Marley v. James J. Gory Mechanical, Inc.,* No. 95–01181 before the Honorable Ward F. Clark. At the conclusion of that case, Judge Clark found against Appellant and awarded the defendant $16,208.66, plus interest. On April 12, 2001, Appellant filed post-trial motions. On April 18, 2001, Judge Clark denied Appellant's post[-]trial motions. On May 1, 2001, Appellant filed a private criminal complaint against Appellees with the Bucks County District Attorneys' Office. *See,* Criminal Complaint Affidavit, 5/1/01. On July 26, 2001, the District Attorneys' Office rejected Appellant's private criminal complaint. *See,* Letter from the Bucks County District Attorneys' Office, 7/26/01. On May 17, 2001, Appellant filed an appeal to the Superior Court of Pennsylvania alleging that Judge Clark made numerous pretrial errors. On October 11, 2001, the Superior Court quashed Appellant's appeal.

On September 4, 2001, Appellant filed a civil lawsuit against Appellees. In the Complaint, Appellant alleged that Appellees conspired to commit perjury and committed perjury throughout their testimony of the non-jury trial in November and December 2000. *See,* Complaint, 9/4/01. On October 24, 2001, Appellee James J. Gory filed Preliminary Objections to the Complaint. On December 5, 2001, Appellee David L. Coward joined in the Preliminary Objections of Appellee James J. Gory. In the Preliminary Objections, Appellees argued that the Complaint should be dismissed pursuant to Pennsylvania Rules of Civil Procedure Rule 1028(a)(4) because no civil cause of action for perjury or conspiracy to commit perjury exists. *See,* Preliminary Objections, 10/24/01; *see also,* Pa.R.C.P. 1028(a)(4) (legal insufficiency of a pleading (demurrer)).

This Court, by Order dated March 25, 2002, sustained Appellees['] Preliminary Objections and dismissed Appellant's Complaint, with prejudice.

Trial Court Opinion, 4/26/02, at 2–3. This timely appeal follows.

▌ ¶ 3 Appellant argues the trial court erred in sustaining Appellees' preliminary objections and dismissing the complaint.

On an appeal from an order sustaining preliminary objections in the nature of a demurrer, our scope of review is plenary, allowing us to review the whole record. *See Ham v. Sulek,* 422 Pa.Super. 615, 620 A.2d 5, 8 (1993). "In some contexts, when issues of fact are raised by preliminary objections, the trial court may receive evidence by depositions or otherwise." *Mellon Bank, N.A. v. Fabinyi,* 437 Pa.Super. 559, 650 A.2d 895, 899 (1994). "However, preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by a demurrer." *Id.* (emphasis added).

"The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Ham,* 620 A.2d at 9. Accordingly, our standard of review is to determine "whether the complaint adequately states a claim for relief under any theory of law." *Id.* To evaluate a demurrer under this standard, the court must accept as true all material averments of the complaint and may sustain the demurrer only if the law will not permit a recovery. *See Fabinyi,* 650 A.2d at 899. "Where any doubt exists as to whether a demurrer should be sustained, it must be resolved in favor of overruling the demurrer."

*Mistick, Inc. v. Northwestern National Casualty Company,* 806 A.2d 39, 42 (Pa.Super.2002).

¶ 4 Appellant complains the trial court erred in determining that a civil cause of action could not be sustained on a claim of perjury. Initially, we conclude the trial court did not err. Although Appellant does not cite any cases *supporting* his argument, we find *Ginsburg v. Halpern,* 383 Pa. 178, 118 A.2d 201 (1955), dispositive of this issue. In that case, the plaintiff filed a civil cause of action against the defendants contending the latter lied under oath with regard to an investigation of circumstances in which a corporate president was forced to resign. The plaintiff sought to establish that the defendants' answers and denials damaged the plaintiff's professional standing and reputation in the community. The trial court dismissed the complaint and entered judgment in favor of the defendants. In af-

firming the judgment, our Supreme Court opined,

> Even if defendants had been shown to have volunteered to be witnesses and then gave false testimony against plaintiff[,] it would not constitute a valid cause of action. In support of this we refer to the Restatement of Torts of the American Law Institute, Section 588. We believe there is no civil action for perjury and apparently the plaintiff recognizes this doctrine of law but seeks to avoid it by claiming conspiracy. The courts have uniformly held that where such assertions have been made [ ] they do not constitute a cause of action.

*Id.*, 383 Pa. at 180, 118 A.2d at 202.

¶ 5 We note that section 588 of the Restatement (Second) of Torts, entitled "Witnesses in Judicial Proceedings," states, "[a] witness is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding or as a part of a judicial proceeding in which he is testifying, if it has some relation to the proceeding." Rest 2d Torts § 588. Other than making bald allegations, Appellant has not demonstrated that Appellees herein committed perjury. Indeed Appellees adamantly deny Appellant's accusations. *See* Appellee's brief at 8. However, even assuming *arguendo* that Appellees committed perjury, there can be no civil cause of action on that basis.

█ ¶ 6 Additionally, "statements by a party, a witness, counsel, or a judge cannot be the basis of a defamation action whether they occur in the pleadings or in open court." *Mosley v. Observer Publishing Company*, 422 Pa.Super. 255, 619 A.2d 343, 345 (1993). Appellant takes issue with the trial court's citation of *LLMD of Michigan, Inc. v. Jackson–Cross Co.*, 559 Pa. 297, 740 A.2d 186 (1999) and *Post v. Mendel*, 510 Pa. 213, 507 A.2d 351 (1986), wherein the court found that no action will

lie for words spoken or written in the course of giving evidence. While we agree with Appellant that the facts of *LLMD* and *Post* are different than the facts of the case before us, we nonetheless find the language used in adjudicating those cases instructive.

¶ 7 In *LLMD,* the plaintiff hired an expert witness to calculate lost profit figures. On the witness stand, the expert acknowledged an error in the formula used to calculate the plaintiff's lost profits, but the expert could not give a new calculation since he was not the person who made the calculations. The plaintiff was forced to withdraw the expert witness and have the testimony stricken. The plaintiff subsequently sued the expert witness for breach of contract and professional malpractice. We concluded that the plaintiff's cause of action was barred under the doctrine of witness immunity.

¶ 8 In reversing us, our Supreme Court stated that, in the context of a defamation action, participants in a judicial proceeding have an absolute privilege for communications related to that proceeding. *Id.* 559 Pa. at 302, 740 A.2d at 188. The Court then went on to state, "[w]e are unpersuaded, however, that those policy concerns are furthered by extending the witness immunity doctrine *to professional negligence actions which are brought against an expert witness when the allegations of negligence are not premised on the substance of the expert's opinion." Id.* 559 Pa. at 306, 740 A.2d at 191 (emphasis added). Instantly, Appellant is not basing his cause of action against Appellees on a theory of professional malpractice; Appellant is alleging that Appellees committed perjury during a prior judicial proceeding.

¶ 9 In *Post, supra,* during the course of a trial, an attorney ("Attorney A") wrote a letter to opposing counsel ("Attorney B") disparaging Attorney B's integrity to the legal profession. The letter accused At-

torney B of deliberately deceiving and misleading the trial court and jury with pertinent facts. A copy of the letter was sent to the trial court, the Disciplinary Board, and a witness in the underlying litigation (who was a client of Attorney B in an unrelated matter).

¶ 10 Attorney B filed a cause of action for libel, and Attorney A sought to have the matter dismissed based on absolute privilege. The matter was dismissed, but our Supreme Court reversed, finding, "the alleged defamation did not in this instance occur in the pleadings or in the actual trial or argument of a case. Rather, the defamation took the form of an extrajudicial communication which was issued during the course of trial." *Post,* 510 Pa. at 220, 507 A.2d at 355. The Court reaffirmed that "[w]hen alleged libelous or defamatory matters, or statements, or allegations and averments in pleadings or in the trial or argument of a case are pertinent, relevant and material to any issue in a civil suit, there is no civil liability for making any of them." *Id.*

¶ 11 In short, *Ginsburg, LLMD,* and *Post* stand for the proposition that there is no civil liability for publishing alleged defamatory matter in a judicial proceeding or as part of a judicial proceeding if it has some relation to the proceeding. The conduct alleged to have occurred herein, *i.e.,* perjury, occurred during a judicial proceeding, and it had some relation to that proceeding. Therefore, it is not actionable. Since we are affirming the order based on the perceptive reasoning of the learned trial court, we need not address Appellees' issue that Appellant's cause of action is barred on *collateral estoppel* grounds.

¶ 12 Order affirmed.