NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2034
_____

DAVID OCHNER,
                                        Appellant

v.

CRAIG STEDMAN, LANCASTER COUNTY
DISTRICT ATTORNEY, LANCASTER CITY BUREAU OF
POLICE, MICHAEL HORAN, JOHN NICODEM, GOLDEN
RECOVERY SERVICES, INC., BRIAN E. CHUDZIK, ASST. DISTRICT
ATTORNEY, DETECTIVE HALSTEAD, DETECTIVE STEPHEN OWENS,

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-11-cv-06080)
District Judge:  Hon. Juan R. Sánchez
_____

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2014

Before:  RENDELL, CHAGARES, and JORDAN, *Circuit Judges.*

(Filed: July 10, 2014)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

David Ochner appeals from an order of the United States District Court for the

Eastern District of Pennsylvania dismissing his claims for malicious prosecution, failure

to investigate, civil conspiracy to commit perjury, and, under 42 U.S.C. § 1983, violations of his Fourth and Fourteenth Amendment rights, as well as the Court's denial of his request for declaratory judgment of property ownership. We will affirm.

## I. Background[1]

In 2005, Ochner purchased a 2004 Ford tow truck from David Nicodem and received a Certificate of Origin that listed Golden Recovery Services, Inc. ("GRS") as the last owner of the truck. According to Ochner, David Nicodem was the owner of GRS at the time of the sale and, thus, had GRS's authorization to sell him the truck. In 2009, Detectives Heather Halstead and Stephen Owens of the Lancaster Bureau of Police stopped Ochner while he was driving the tow truck in Pennsylvania. The detectives knew that Ochner had previously been stopped and that he did not possess a valid registration for the truck.[2] The detectives also noticed that a vehicle identification number[3] ("VIN") on the tow truck had been removed. The detectives did not charge Ochner with any violation relating to that traffic stop, but they did impound the truck.

---

[1] Consistent with our standard of review, we generally take the facts alleged in Ochner's complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, Ochner makes some allegations that, as we will explain, have been precluded by a previous state court judgment.

[2] The officer who made the original stop allowed Ochner to continue operating the truck.

[3] A vehicle identification number is "[a] combination of numerals or letters, or both, which a manufacturer of a vehicle assigns to a vehicle for identification purposes or, in the absence of a manufacturer assigned number, which the Department of Transportation assigns to a vehicle for identification purposes." 18 Pa. Cons. Stat. § 7701.

Ochner filed a motion for the return of property in the Lancaster County Court of Common Pleas, pursuant to Rule 588 of the Pennsylvania Rules of Criminal Procedure.[4] A hearing on that motion was held in October 2009. The state trial court heard Ochner testify, without corroboration, as to his belief that David Nicodem had authority to sell the truck. After considering evidence, the court found that John Nicodem (David's brother) and Michael Horan were owners of GRS and that David Nicodem was not authorized to sell the truck. Having concluded that Ochner had not proven his right to ownership of the truck, the court deferred judgment on the return of the vehicle until there could be a determination of ownership.

Horan and John Nicodem, on behalf of GRS, then filed a competing motion for the return of property. The state trial court granted leave for briefing on whether Pennsylvania law allows a good faith purchaser to acquire title from one who wrongfully possesses property. Following a hearing on the question of ownership in September

---

[4] Rule 588 of the Pennsylvania Rules of Criminal Procedure provides, in relevant part:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa. R. Crim. P. 588.

2011, the court concluded that, under Pennsylvania law, David Nicodem could not convey valid title to Ochner, even if Ochner were a good faith purchaser for value. The court therefore granted GRS's motion for return of property.

Ochner appealed the state trial court's ruling to the Pennsylvania Superior Court and filed a statement of errors alleging various abuses of discretion and legal errors. The state trial court in the meantime issued an opinion with "a thorough explanation of [its] reasoning for the decisions made." (Supp. App. at 8.) In it, that court reiterated its decision that title to the truck remained with GRS. It also examined the propriety of the stop and the seizure of the truck. After reviewing testimony, the court held that the stop was permissible because the detectives believed that Ochner was illegally using dealer plates and that, once the detectives observed the removed VIN, "the seizure of the Truck was not only appropriate but required by 75 Pa. Cons. Stat. § 7105(a)."[5] (Id. at 9.) The court thus concluded that, "[u]pon review of th[e] record, all of the procedures taken … were founded under the law and conclusions were appropriately drawn." (Id. at 13.) The Superior Court affirmed the state trial court's rulings.[6]

---

[5] Section 7105(a) provides, in relevant part, that "[e]very police officer having knowledge of a vehicle on which the [VIN] has been removed or falsified shall immediately seize and take possession of the vehicle." 75 Pa. Cons. Stat. § 7105(a). Under Pennsylvania law, "[a]ny person who alters, … defaces, destroys, … obliterates or removes a [VIN] with the intent to conceal or misrepresent the identity or prevent the identification of a vehicle … commits a felony of the third degree." 18 Pa. Cons. Stat. § 7703.

[6] There is no indication in the record before us that Ochner appealed from the Superior Court's affirmance of the state trial court decision.

4

While the motions for return of property were still pending in the state trial court, Ochner filed this suit against District Attorney Craig Stedman, Assistant District Attorney Brian Chudzik, the Lancaster Police, Halstead, Owens, and Horan (collectively, the "Appellees"). John Nicodem and GRS were also named as defendants but did not respond to the complaint. Ochner brought the following: (1) a claim for malicious prosecution against the Lancaster Police, Halstead, Owens, Stedman, and Chudzik; (2) a claim for failure to investigate against the Lancaster Police, Halstead, Owens, Stedman, and Chudzik; (3) a claim for civil conspiracy to commit perjury against Halstead, Owens, Horan, and John Nicodem; (4) a request for declaratory judgment that he owns the truck against GRS, Horan, and John Nicodem; and (5) claims under 42 U.S.C. § 1983 that Halstead, Owens, Stedman, and Chudzik violated his Fourth and Fourteenth Amendment rights. The Appellees filed motions to dismiss on, *inter alia*, grounds of preclusion and failure to state a claim. The District Court dismissed all claims against the defendants. Ochner responded by filing this timely appeal.

## II.    Discussion[7]

At the outset, we note that it has been a challenge to understand the arguments that Ochner raises on appeal. He does clearly urge that preclusion principles are "inapplicable" to his claims, but otherwise he resorts to sweeping generalizations and

---

[7] The District Court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a district court's grant of a Rule 12(b)(6) motion, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008), including dismissal on the ground of preclusion, *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 248 (3d Cir. 2006).

5

vague references to "inherent rights" and "Divine Law" regarding the possession of property.[8] (Appellant's Br. at 4-5, 10.) We understand his grievances to center around his belief that he has "the right to possess property free from governmental interference." (*Id.* at 4.) He urges us to "[f]orget about ownership" of the truck (*id.* at 6) and use the circular logic that he had "legal possession" of the truck because he was "not illegally possessing" it (*id.* at 8). Furthermore, he submits that "all courts acknowledge the [law] requires [a] defendant to be charged" with a crime before property can be taken from the defendant. (*Id.* at 14.) However, Ochner, fails to provide any authority to support his proposition that a court must return property without regard to ownership, simply because there have been no related criminal charges. Moreover, his arguments relate to the merits of his claims, which, as we will explain, we need not reach in this case. The Appellees' responsive briefs address all of Ochner's claims, and, for the sake of thoroughness, so will we.

---

[8] Much of Ochner's brief fails to comply with Rule 28(a)(8)(A) of the Federal Rules of Appellate Procedure, which requires the arguments in an appellant's brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Ochner's brief violates several other briefing requirements as well. His table of authorities does not comply with Rule 28(a)(3) of the Federal Rules of Appellate Procedure because he neglects to reference the pages wherein each of his citations appears. Fed. R. App. P. 28(a)(3) (requiring the table of authorities to arrange authorities "with references to the pages of the brief where they are cited"). In addition, his statement of the issues fails to include the required "designation by reference to specific pages of the appendix or place in the proceedings at which each issue on appeal was raised, objected to, and ruled upon." L.A.R. 28.1(a)(1).

A. *Failure to State a Claim*

We turn first to Ochner's claims for malicious prosecution, failure to investigate, and conspiracy to commit perjury. To bring a malicious prosecution claim under Pennsylvania law, "[t]he defendant must have instituted proceedings against the plaintiff 1) without probable cause, 2) with malice, and 3) the proceedings must have terminated in favor of the plaintiff." *Kelley v. Gen. Teamsters, Chauffeurs, & Helpers, Local Union 249*, 544 A.2d 940, 941 (Pa. 1988). It is commonly understood that a plaintiff must show, *inter alia*, that "the *defendants* [in a malicious prosecution action] initiated a criminal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d. Cir. 2009) (emphasis added) (internal quotation marks omitted). Although Ochner alleges in his complaint that the state trial court proceeding constituted an underlying criminal proceeding for his malicious prosecution claim, he is mistaken. Ochner himself initiated that proceeding by filing a Rule 588 motion for the return of property to regain possession of the truck.[9] Moreover, he concedes in his brief before us that "there was never any criminal charges [sic] filed against [him]" and "ALL facts show [that] … no criminal charges were brought." (Appellant's Br. at 9, 10.) Because the proceeding in which Ochner alleges he was maliciously prosecuted was civil, rather than criminal, and therefore cannot serve as the basis for a malicious prosecution claim, that claim was correctly dismissed.

---

[9] While a motion for return of property in Pennsylvania is "quasi-criminal in character," it is "civil in form." *Commonwealth v. Howard*, 931 A.2d 129, 131 (Pa. Commw. Ct. 2007).

7

With respect to his claim of "failure to investigate," Ochner failed to present any legal authority that recognizes such a cause of action, and we are not aware of any. Nor is his claim for civil conspiracy to commit perjury an actionable claim in Pennsylvania. *See Ginsburg v. Halpern*, 118 A.2d 201, 202 (Pa. 1955) (per curiam) ("We believe there is no civil action for perjury and apparently the plaintiff recognizes this doctrine of law but seeks to avoid it by claiming conspiracy. The courts have uniformly held that where such assertions have been made … they do not constitute a cause of action." (alteration in original) (internal quotation marks omitted)). Therefore, we will affirm the Court's dismissals of the "failure to investigate" and "conspiracy to commit perjury" claims.

B.      *Issue Preclusion*

Ochner also argues that the District Court incorrectly relied on issue preclusion to dismiss his request for declaratory judgment of ownership and his § 1983 claims. Under the doctrine of issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the Full Faith and Credit Statute,[10] which has been interpreted to require a federal court to look to state law to make such a determination. *Marrese v. Am.*

---

[10] Pursuant to 28 U.S.C. § 1738, state judicial proceedings "shall have the same full faith and credit in every court within the United States … as they have by law or usage in the courts of such State … from which they are taken." 28 U.S.C. § 1738.

8

*Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 381 (1985). Under Pennsylvania law,

relitigation of an issue is barred by issue preclusion if:

> (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party … against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50-51 (Pa. 2005).

Two rulings in the state court proceedings are relevant to Ochner's declaratory

judgment request and § 1983 claims: first, that Ochner is not the owner of the truck; and

second, that the truck was lawfully seized and impounded. Ochner does not appear to

dispute, and indeed cannot credibly dispute, that those issues were decided against him

on the merits; the state court judgment is unquestionably final; he was a party in the state

court proceedings; and deciding those issues was necessary to resolving the motions for

recovery of property and addressing Ochner's contentions in state court. It appears that

his only argument for why issue preclusion should not apply is that he did not get to fully

and fairly litigate the issues in state court.

"A party has been denied a full and fair opportunity to litigate only when state

procedures fall below the minimum requirements of due process as defined by federal

law." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1074 (3d Cir. 1990). In the

state court proceedings, Ochner was represented by counsel. He briefed and argued the

issues of ownership of the truck and propriety of the seizure, and the state courts

considered evidence regarding those issues. It strains credulity to suggest that Ochner

9

was not afforded a full and fair chance to litigate. He had his opportunity to litigate, and the state court determinations that he is not the owner of the truck and that the truck was lawfully seized and impounded are afforded preclusive effect under Pennsylvania law. Ochner's declaratory judgment request and § 1983 claims would all require relitigation of one or both of those issues. His request for declaratory judgment seeks a determination that he is the rightful owner of the truck, which is in direct contravention of the state court's determination of ownership. And his § 1983 claim regarding his Fourth Amendment rights to be secure from unreasonable searches and seizures would require a determination that the truck was unlawfully seized and impounded during the traffic stop. Therefore, those claims are barred by issue preclusion.

Ochner's § 1983 claim based on violation of the Fourteenth Amendment's guarantee of due process was also properly dismissed. We have previously held that, to "state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (internal quotation marks omitted). Again, Ochner cannot relitigate the state court determinations that the truck was not his property and that it was properly seized and impounded. Accordingly, he cannot identify any life, liberty or property interest of which he was deprived. Furthermore, Ochner fails to provide any legal support for his contention that the state court procedures for resolving the motions for return of property were constitutionally inadequate. Therefore,

10

Ochner's § 1983 claim alleging a violation of his Fourteenth Amendment rights was also properly dismissed.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's order.