620 A.2d 5

**Karen W. HAM, Appellant,**

**v.**

**Katherine O. SULEK, Susan Elizabeth Reese Painter, Pamela Reese Cameron, Frederick D. Reese, Rebecca L. Reese, Timothy H. Reese, George C. Reese, III, William J. Reese, Benjamin T. McGill and Eleanor McGill, his wife, Nancy McGill, Rachel M. Carringer Hauth, Robert M. Carringer, Dorothy J. Carringer, Elliott R. Jones and Ethel C. Jones, his wife Robert B. Gibson and Mary Anne Gibson, his wife, Robert M. Leech, Lorraine R. Leech, Thomas P. Leech and Nancy P. Leech.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1992.

Filed Jan. 28, 1993.

William J. Kelly, Erie, for appellant.

Paul H. Millin, Tionesta, for appellees.

Before ROWLEY, President Judge, JOHNSON and HESTER, JJ.

JOHNSON, Judge.

In this appeal from a trial court order sustaining preliminary objections and dismissing the complaint, we are asked to determine whether appellant Karen W. Ham is the real party in interest in this equity action charging that "Taylor Road" is a public road. Finding that she is not the real party in interest and that this action is barred by res judicata, we affirm.

This is the fourth action filed since 1988 concerning a private road known as Taylor Road in Tionesta Township, Forest County. The first two cases resulted in this court's opinion in *Carringer v. Taylor*, 402 Pa.Super. 197, 586 A.2d 928 (1990), *appeal denied*, —— Pa. ——, 621 A.2d 576 (1992). A third case, *Taylor v. Carringer et al.*, No. 2 of 1989, In

Equity, was dismissed by the Court of Common Pleas of Forest County on May 11, 1992.

In 1987, Bruce Taylor purchased property at the southern terminus of this road, a one lane dirt road on the eastern shore of the Allegheny River, south of Tionesta. Prior to Taylor's purchase, the road had been maintained by the property owners along the roadway. Without obtaining the consent of the other landowners, Taylor began to improve and widen the roadway. In 1988, Carringer, filed a complaint for a preliminary injunction alleging that Taylor was causing immediate and irreparable damage to Carringer's property by unilaterally widening the roadway. Carringer contended that Taylor had neither an easement nor a right-of-way but was crossing the properties at sufferance. Taylor maintained that the roadway had been a public road which had reverted to a private road and that he had a statutory easement twenty-five feet wide along the roadway as an adjoining landowner. After a decree nisi had been entered in the first action in favor of Carringer, Taylor attempted to amend his answer and to counterclaim, alleging easements both by prescription and implication, as well as by filing a quiet title action. These two cases were appealed following a trial court ruling that the issues raised after the filing of the decree nisi had been waived. Taylor then filed a third action in equity. There, the trial court granted the preliminary objections raised by Carringer *et al.*, and stayed the action pending the outcome of the first two cases then on appeal. The trial court also issued an order defining the rights of the parties pending resolution of the appeals. This order prevented Carringer from closing the roadway but allowed him to maintain a gate at the northern terminus of the roadway. When Bruce Taylor and Karen Ham, Taylor's paramour, refused to close this gate, contending that the road was a public road, counsel for the Appellees informed Ham that she could no longer use the private road crossing the property of the Appellees.

On September 21, 1991, the present complaint in equity was filed, naming Karen Ham as the plaintiff, requesting the trial court to find that the roadway in question was a public road,

over which the Appellees had no right to restrict travel, and to order the removal of the gate. Appellees filed preliminary objections, in the form of a motion to strike off the complaint, alleging that Karen Ham was not the real party in interest. Appellees also filed a demurrer, alleging, that Ham's complaint failed to state a cause of action, because she failed to assert facts from which the trial court could conclude that the road was a public road. Appellants filed a motion joining the issue of whether Ham was the real party in interest, asking the trial court to determine this factual issue based on deposition testimony. This motion was granted and, based on the subsequent deposition, the trial court sustained the preliminary objections, determining that Karen Ham was the alter-ego of Bruce Taylor. The trial court also ruled that its previous determination, that the roadway was a private road, now affirmed by the Superior Court, was binding upon the parties. This appeal followed.

The trial court, in its excellent opinion dated April 24, 1992, framed the issues as follows:

1. Whether Karen W. Ham is a real party in interest?
2. Whether the Plaintiff has stated a cause of action?
3. Whether the status of the roadway was finally determined by order of court in a previous litigation?

■ Our review of this record reveals that the opinion of the Honorable Robert L. Wolfe, Presiding Judge of the Court of Common Pleas of Forest County, dated April 24, 1992, has adequately stated the facts and properly addressed the first issue, as follows:

A review of the deposition of Plaintiff on March 3, 1992, can leave no doubt Plaintiff is acting as the servant of Bruce Taylor and is using[,] as a springboard for the complaint[,] her indignation [at] the epistle of Defendant's counsel admonishing her to properly use the private roadway. Plaintiff acknowledges she is the paramour of Bruce Taylor, is employed by him, and [that] Taylor is financing this action. Plaintiff is eager to describe the impaired state of the road in that it is not drained properly and part of it slides into the Allegheny River, there are no guard rails, it is covered

with ice and she has damaged the tailpipe on her car in traveling it. N.T., 3/3/92, at 28. Moreover, Plaintiff describes a landslide on the Carringer part of the road where people were trapped back at the lodge. [Reference to Taylor's private property.] This road description is the same allegation of Bruce Taylor at the initial proceeding, which prompted him to grade the road and precipitated the initial action. *Id.* at 47. We note this here for the reason [that] Plaintiff's identity to Bruce Taylor is shown objectively and graphically.

Rule 2002 of the Rules of Civil Procedure compels all actions to be prosecuted by the real party in interest. . . . The conclusion is compelling that Plaintiff is not the real party in interest, and her complaint is a facade for Bruce Taylor's attempt to circumvent the judgment against him.

Trial Court Opinion, dated 4/24/92 at 5–6. Moreover, while Ham claims to control the prosecution of this action, it is clear that she hears from legal counsel through Bruce Taylor, R.R. 112a–115a, and that she is the purported representative of Bruce Taylor to the Court. N.T., 3/3/92, at 25; 50.

Generally, on appellate review, we defer to the factual findings of the trial court, because the trial court has seen and heard the witnesses. However, where the factual findings of the trial court rest on evidence provided by deposition or affidavit, we may draw our own inferences and arrive at our own reasonable conclusions from the facts as established.

Although a determination of credibility is in the first instance within the prerogative of the trial court even when based upon deposition evidence, this does not foreclose an appellate court from scrutinizing the identical evidence to determine if the ruling entered is supported by the record.

*American Express Company v. Burgis*, 328 Pa.Super. 167, 172, 476 A.2d 944, 947 (1984). Our review of this record reveals that the factual findings of the Honorable Robert L. Wolfe, are amply supported of record. We find neither error nor abuse of discretion in the trial court dismissal of this action and we conclude that Taylor, not Ham, is the real party in interest.

Pennsylvania Rule of Civil Procedure 2002, which applies to "any civil action or proceeding at law or in equity," Pa.R.C.P. 2001, provides as follows:

**Rule 2002. Prosecution of Actions by Real Parties in Interest. Exceptions.**

(a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, ...

(b) A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff

(1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading; or

(2) is a person with whom or in whose name a contract has been made for the benefit of another.

(c) Clause (a) of this rule shall not apply to actions where a statute or ordinance provides otherwise.

(d) Clause (a) of this rule shall not be mandatory where a subrogee is a real party in interest.

The real party in interest rules were enacted in order to simplify the practice of law by avoiding legal fictions, by abolishing technicalities and "to prevent the real party in interest from hiding behind the legal plaintiff." *Reinsmith v. McCready,* 53 Pa.D. & C. 376 (1944); 6 Goodrich Amran (2d) § 2002(a):1, at 8.

Having determined that Bruce Taylor is the real party in interest in this action, hiding, as it were, behind the ostensible plaintiff, Karen Ham, we next address the effect of this determination. Appellees urge that the trial court correctly determined that the holding in *Carringer v. Taylor, supra,* was binding upon the parties. We agree, finding this action to be barred by res judicata. Where parties have been afforded an opportunity to litigate a claim before a court of competent jurisdiction, and where the court has finally decided the controversy, the interests of the state and of the parties require that the validity of the claim and any issue actually

litigated in the action not be litigated again. *Williams v. Lumbermen's Ins. Co.*, 332 Pa. 1, 1 A.2d 658 (1938).

> For the doctrine of res judicata to prevail there must be a concurrence of four conditions: (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action, and (4) identity of the quality or the capacity of parties suing or sued. ... A final judgment on the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action.

*Fornwalt v. Follmer*, 420 Pa.Super. 413, 416, 616 A.2d 1040, 1041 (1992). The doctrine of res judicata bars any future litigation between the parties or their privies on the same cause of action. *Stevenson v. Silverman*, 417 Pa. 187, 208 A.2d 786 (1965), *cert. denied*, 382 U.S. 833, 86 S.Ct. 76, 15 L.Ed.2d 76 (1966). We observe that the prior action involved the same issues, an identical cause of action and the same person in the same capacity. In *Carringer v. Taylor, supra*, 402 Pa.Super. at 203, 586 A.2d at 932, this Court found that Taylor had failed to produce any evidence that the road in question was ever a public road. We stated that "[i]n fact, the evidence of record indicates that the road has always been a private road." The same issue we are called upon to determine in the present case.

 In an appeal from an order sustaining a preliminary objection in the nature of a demurrer, our scope of review is plenary, preliminary objections which result in the dismissal of the suit or the denial of the claim, should be sustained only in cases which are clear and free from doubt. *AM/PM Franchise Association v. Atlantic Richfield Co.*, 373 Pa.Super. 572, 542 A.2d 90 (1988); 5 Standard Pennsylvania Practice 2d § 25.71 at 239–40. Where any doubt exists as to whether a demurrer should be sustained, it must be resolved in favor of overruling the demurrer. *Kyle v. McNamara & Criste*, 506 Pa. 631, 487 A.2d 814 (1985); *Baker v. Magnetic Analysis Corp.*, 347 Pa.Super. 188, 500 A.2d 470 (1985). The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Kyle*

*v. McNamara & Criste,* 506 Pa. at 634, 487 A.2d at 816. A demurrer should be sustained only in cases where the plaintiff has clearly failed to state a claim upon which relief may be granted. *Eckell v. Wilson,* 409 Pa.Super. 132, 597 A.2d 696 (1991). A demurrer should not be sustained if there is any doubt as to whether the complaint adequately states a claim for relief under any theory of law. *Id.* Moreover, in reviewing the complaint, we are to regard all well-pleaded facts as true and to give Taylor, the real party in interest, the benefit of all favorable inferences that we could fairly deduce from these facts. *See Mazzagatti v. Everingham,* 512 Pa. 266, 516 A.2d 672 (1986).

Since we are constrained to conclude that res judicata applies, we find that no recovery is possible. Accordingly, we affirm the trial court's grant of preliminary objections in the form of a demurrer.

Order affirmed.