## Erwin v. Clark

C.P. of Dauphin County, no. 5383 Equity 1996.

*Jonathan Crist*, for plaintiff.
*David Smith*, for defendant.

*EN BANC*, TURGEON, LEWIS AND HOOVER, *JJ*.

TURGEON, *J*., August 1, 1997—Defendants William H. Clark Jr. Esq. and the law firm of Klett Lieber Rooney and Schorling P.C. filed preliminary objections in the nature of a demurrer to all three counts contained in the complaint. In the absence of a complete dismissal, the defendants requested a stay pending the outcome of two related Berks County cases. For the following reasons, defendants' demurrer to Count II is sustained, and a stay of the remainder of this action is granted.

## FACTS

The complaint alleges plaintiff Erwin owned 40 percent of LC1 stock, a Pennsylvania subchapter S corporation formed to develop and operate a mobile home park in Berks County. Pursuant to tax advice from LC1's accountant, the shareholders formed a second corporation, LC2. While Erwin understood only LC1's sales activities were to be transferred to LC2 for income tax purposes, LC2 was treated as though it owned the real estate and conducted the leasing activities even though the real estate had not been transferred.

In July 1994, LC1 and LC2 retained attorney Clark and his law firm to advise them regarding federal income tax issues. Clark and the law firm advised transferring ownership of the real estate to LC2 to conform with the previously filed tax returns and drafted documents and corporate minutes necessary to effectuate the transfer.

In November 1994, the LC2 shareholders and directors voted to recapitalize LC2, resulting in a dilution of plaintiff's shares in the corporation. According to the allegations in related lawsuits by Erwin, the purpose of transferring the real estate interests to LC2 was to work around provisions of the charter or shareholders' agreement for LC1, which prohibited such dilution of interest.

Erwin filed two lawsuits in Berks County. One is an attempt to "undo" the transactions and the second seeks damages resulting therefrom.[1] In the case at bar, Erwin alleges in Count I that Clark and the law firm negligently advised, or failed to advise LC1 and/or LC2 concerning various tax and property transfer matters. He claims $280,000 in damages for allegedly owed but unpaid federal taxes. Erwin also seeks punitive damages. Count II is a derivative action in which Erwin seeks, on behalf of the corporations, the same damages alleged in Count I.

In Count III, on behalf of both corporations, Erwin seeks damages for realty transfer taxes paid and additional realty transfer taxes allegedly owed as a result of defendants' negligence. Additionally, Erwin seeks,

---

1. *Erwin v. Laurel Commons Inc., Laurel Commons Mfd. Hs. Com. Inc., Oliver Rosenberg and Marjery Grove*, no. 6539 Equity 1994 (Berks Cty. Ct. Common Pleas) and *Erwin v. Laurel Commons Inc.*, no. 477-950 (Berks Cty. Ct. Common Pleas).

on behalf of both corporations, counsel fees incurred as a result of defending the actions brought by Erwin in Berks County.

## LEGAL DISCUSSION

"A demurrer should not be sustained if there is any doubt as to whether the complaint adequately states a claim for relief under any theory of law." *Ham v. Sulek*, 422 Pa. Super. 615, 623, 620 A.2d 5, 9 (1993) (citing *Kyle v. McNamara & Criste*, 506 Pa. 631, 634, 487 A.2d 814, 816 (1985)). The benefit of any inferences that could be fairly deduced from the facts as stated in the complaint must be given to Erwin. *Id.* (citing *Mazzagatti v. Everingham*, 512 Pa. 299, 516 A.2d 672 (1986). The question "is whether, on the facts averred, the law says with certainty that no recovery is possible." *Id.* at 622, 620 A.2d at 9.

In order to state a claim of legal malpractice, the following elements must be met:

"(1) The employment of the attorney or other basis for duty;

"(2) The failure of the attorney to exercise ordinary skill and knowledge; and

"(3) That such negligence was the proximate cause of damage to the plaintiff." *Curran v. Stradley, Ronon, Stevens & Young*, 361 Pa. Super. 17, 24, 521 A.2d 451, 454 (1987) (citing *Schenkel v. Monheit*, 266 Pa. Super. 396, 399, 405 A.2d 493, 494 (1979)).

The defendants claim that Erwin does not state a cause of action for malpractice under Count I because they were representing the corporations, not Erwin, and had no "other basis for duty" to him. Erwin claims the defendants had a duty to the individual shareholders because of the "flow through" tax treatment of chapter

174

S corporations. While there is no Pennsylvania legal precedent for this proposition, contractual liability to a third party can be fairly inferred from the facts alleged in Erwin's complaint. Erwin alleges LC1 and LC2 hired the defendants "to render advice to LC#1 *and its shareholders* with regard to the structure of LC#1 and LC#2 and the reporting of the corporate affairs on the federal income tax returns by the said accountant Raymond Bucks." (Complaint ¶19.) (emphasis added) The Pennsylvania Supreme Court has adopted the standard for determining liability to third parties under the Restatement (Second) of Contracts, which provides:

"Section 302. Intended and incidental beneficiaries

"(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

"(a) ... or

"(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Guy v. Liederbach*, 501 Pa. 47, 59, 459 A.2d 744, 751 (1983). (Adopting Restatement (Second) of Contracts §302).

While we acknowledge that such a basis for duty to shareholders of a corporation would be novel under current Pennsylvania law, we cannot say for certain that no duty exists and recovery is not possible. See *Ham v. Sulek, supra.*

The defendants also assert that the damages claimed by Erwin are "impermissibly speculative." It is true that "speculative harm, or the threat of future harm do not provide a basis for a cause of action." *Veneri*

*v. Pappano*, 424 Pa. Super. 394, 398, 622 A.2d 977, 979 (1993). Defendants argue "if the IRS never assesses additional taxes [on Erwin] or if the Berks County lawsuits result in a judgment 'undoing' and/or compensating Erwin for the transactions, then Erwin has not been damaged at all." The Tax Code, however, provides that the taxpayer has an affirmative duty to report additional taxes due:

"If a taxpayer ascertains that an item should have been included in gross income in a prior taxable year, he should, if within the period of limitation, file an amended return and pay any additional tax due." Treasury Regulation §1.45-1(a), 26 C.F.R. §1.451-1(a).

Such self-reporting is essential to our system of federal income taxation. We are not willing to hold as a matter of law that tax liability does not exist until taxes are assessed or until a taxpayer is audited.

Defendants' demurrer to Count II is based upon their contention that all damages claimed are personal to Erwin and not to the corporation. We agree. Indeed, the complaint refers to the damages as "his damages," and as "plaintiff Erwin's damages." There is no allegation incorporated into Count II that alleges any damage suffered by the corporation. A derivative action brought by a shareholder must be based on an injury to the corporation. *Zinman v. Federal Deposit Insurance Corp.* 567 F. Supp. 243 (E.D. Pa. 1983).

Defendants demur to Count III because the damages sought are speculative and therefore not recoverable. Additionally, they claim the realty transfer tax resulted from the majority shareholders' decision to transfer the real estate, and that the complaint is devoid of any allegations that the defendants' actions had any effect on the amount of realty transfer tax paid or owed. It is fair to infer from the facts alleged in the complaint

that the defendants' actions had an effect on the amount of realty tax paid. In paragraph 36(g) of the complaint, Erwin alleges the defendants failed to advise and/or properly advise LC1 with regard to the taxability of transferring the real estate from LC1 to LC2. Erwin also alleges in paragraph 20 that the real estate transfer took place pursuant to attorney Clark's advice. In paragraph 19, it is alleged that the defendants were retained to render advice with regard to the structure of the corporations. It can reasonably be inferred from these allegations that absent the alleged negligent advice, the real estate transfer would not have occurred and plaintiff would not have paid real estate transfer taxes.

As to additional real estate transfer taxes allegedly owed but not yet paid, we do not find the alleged damages to be impermissibly speculative. Pennsylvania law requires:

"If any person shall fail to pay any tax imposed by this article for which he is liable, the department is hereby authorized and empowered to make a determination of additional tax and interest due by such person based upon any information within its possession or that shall come into its possession." 72 P.S. §8111-C(a).

As is the case of federal income taxes, the system of taxation at issue relies upon self-reporting. The failure of the authorities to assess the taxes up to this point does not preclude liability for the taxes.

Defendants argue plaintiff's derivative claim in Count III for counsel fees relating to the two Berks County lawsuits is premature and speculative. We agree. See *Pashak v. Barish*, 303 Pa. Super. 559, 562, 450 A.2d 67, 69 (1982). The claims for counsel fees and expenses are entirely dependent upon the outcome of the Berks County lawsuits. They are distinguishable from the al-

leged tax-related damages in that those damages may be proven to exist. Until the Berks County lawsuits are resolved, this court will be unable to determine whether the corporation's decision to defend against the lawsuits resulted in injury. At such time as those lawsuits are resolved, a determination can be made.

In the absence of complete dismissal of this action, defendants request a stay of this action pending resolution of the Berks County lawsuits. The defendants claim these matters "in all likelihood could be fully addressed in one forum," and that the simultaneous proceedings "would create the unseemly spectacle of a race to judgment in the courts of two counties of this Commonwealth." *Norristown Automobile Club v. Hand*, 386 Pa. Super. 269, 276-77, 562 A.2d 902, 905 (1989). We recognize that the proper determination of the nature and amount of damages in this case hinges upon the outcome of the Berks County cases. Plaintiff concedes, despite the present existence of tax liability, such liability may be alleviated if that court finds the transaction void ab initio.

Accordingly, we enter the following:

## ORDER

And now, August 1, 1997, defendants' demurrer to Count II of the complaint is sustained. All other preliminary objections are hereby overruled. This action is stayed pending the outcome of *Erwin v. Laurel Commons Inc., Laurel Commons Mfd. Hs. Com. Inc., Oliver Rosenberg and Marjery Grove*, no. 6539 Equity 1994 (Berks Cty. Ct. Common Pleas) and *Erwin v. Laurel Commons Inc.*, no. 477-950 (Berks Cty. Ct. Common Pleas).