J-A13010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JUANITA DEVINE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK KUMAS, CLIFFORD LASKY, | : | No. 1491 EDA 2020 |
| AND JONATHAN TAYLOR, ESQUIRE | : | |

Appeal from the Order Entered June 9, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 190607175

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                   **FILED AUGUST 16, 2021**

Appellant, Juanita DeVine, appeals from the trial court's June 9, 2020 orders sustaining the preliminary objections of Appellees, Frank Kumas, Clifford Lasky, and Jonathan Taylor, Esquire, and dismissing Ms. DeVine's fourth amended complaint with prejudice.[1]  We affirm.

The trial court summarized the background of this case as follows:

The facts underlying this matter stem almost exclusively from a contractual dispute between the parties involving a real estate contract.  This court notes that many of the underlying facts and issues were previously litigated at length in a separate action before Judge [M. Teresa] Sarmina of the Philadelphia [Court of] Common Pleas[,] in which Judge Sarmina directly addressed the validity of the land-sale contract that now forms the basis of the

---

[*] Former Justice specially assigned to the Superior Court.

[1] We address the propriety of Ms. DeVine's filing only one notice of appeal from two orders *infra*.

appeal *sub judice.* In that action[,] Judge Sarmina made the following factual findings:

> On April 28, 2016, [Easy Properties, LLC,[2]] and [Strategy Restaurant and Catering Services, Inc.,[3]] entered into two separate Agreements of Sale ("the contracts") with respect to the properties at 3026 Titan Street, Philadelphia, Pennsylvania, and 3028 Titan Street, Philadelphia, Pennsylvania[] ("the properties")[,] whereby [Easy Properties, LLC,] agreed to purchase said properties from [Strategy Restaurant and Catering Services, Inc.] The contracts provided that written acceptance by both parties was to occur on or before April 30, 2016. The contracts were prepared by agents of [Easy Properties, LLC,] and both contracts erroneously provided the name of the buyer as "Easy Properties LLC[,]" rather than [Easy Properties, LLC's] registered name of "Easy Property Holdings, LLC." Likewise, the contracts also erroneously provided [Strategy Restaurant and Catering Services, Inc.'s] name as "Strategy Restaurant and C[,]" rather than "Strategy Restaurant and Catering Services, Inc." The contracts provided accurate names and contact information for the parties' real estate brokers. The contracts provided clear terms concerning the title with which [Strategy Restaurant and Catering Services, Inc.,] was required to convey[.]

That action was later appealed to the Superior Court of Pennsylvania. [***See Easy Properties, LLC v. Strategy Restaurant and Catering Services, Inc.***, 2019 WL 990770 (Pa. Super. Feb. 28, 2019)].[4] On appeal[,] the Superior Court affirmed Judge Sarmina['s] finding a valid enforceable contract for the sale of real estate between the parties, and awarded [Easy Properties, LLC,] … the remedy of specific performance. In doing

---

[2] Mr. Kumas and Mr. Lasky own Easy Properties, LLC. ***See*** Fourth Amended Complaint, 2/4/20, at 1.

[3] Ms. DeVine is the owner of Strategy Restaurant and Catering Services, Inc. ***See*** Fourth Amended Complaint, 2/4/20, at 1.

[4] Attorney Taylor represented Easy Properties, LLC, in this underlying litigation. ***See*** Fourth Amended Complaint, 2/4/20, at 1.

so[,] the court[] addressed an alleged discrepancy as to the proper identity of the contracting parties and indicated that:

> For the purposes of these proceedings, "Easy Properties LLC" lacks any meaningful distinction from "Easy Property Holdings, LLC": They refer to the same entity, with the same assets and principals, for which Mr. Kumas signed the contracts indicating the intention of [Easy Properties, LLC,] to be bound as the purchaser of the properties under the contracts.[5] For reasons which will be discussed further…, the record does not support that [Strategy Restaurant and Catering Services, Inc.,] was in any way confused or deceived as to [Easy Properties, LLC's] true identity for the purposes of the contracts or for the purposes of this lawsuit. Further, the record is devoid of any evidence to suggest that any party other than [Easy Properties, LLC,] was the intended purchaser contemplated by these contracts, nor is there evidence to indicate that a reasonable person could confuse "Easy Properties LLC" with some other entity besides "Easy Property Holdings, LLC" under these circumstances. No prejudice or surprise to [Strategy Restaurant and Catering Services, Inc.,] resulted from the change of the caption. Finally, the evidence and unrebutted testimony of Mr. Kumas and Mr. Lasky established that "Easy Properties LLC" was simply an error on the contracts, and nothing more. Therefore, this Court declined to adopt [Strategy Restaurant and Catering Services, Inc.'s] theory that "Easy Properties LLC" was distinguishable or separate from "Easy Property Holdings[,] LLC," or to find that it described some phantom party rather than the one with which [Strategy Restaurant and Catering Services, Inc.,] has dealt [with] since the formation of the contracts in 2016.[]

In response to the findings and rulings by the courts, [Ms.] … De[V]ine … initiated this action on August 26, 2019[,] by the filing of a complaint against [Mr.] Kumas, [Mr.] Lasky, and [Attorney] Taylor…[,] alleging abuse of process, fraud, civil conspiracy, and

---

[5] This Court noted in its memorandum that the original caption in the case listed the plaintiff/appellee's name as "Easy Properties, LLC," instead of its proper name of "Easy Property Holdings, LLC." *See Easy Properties, LLC*, 2019 WL 990770, at *1 n.1. Nevertheless, despite the erroneous naming, we left the caption unchanged for the sake of consistency. *Id.*

tortious interference with contractual relations. Following a series of preliminary objections and revisions of the complaint, [Ms. DeVine] filed a fourth amended complaint against Appellees on February 4, 2020. Appellees filed preliminary objections on February 24, 2020, and March 5, 2020.[6] [Ms. DeVine] filed no response to these preliminary objections. On June 3, 2020, this court issued an order sustaining the preliminary objections of [Attorney] Taylor … and dismissing [Ms. DeVine's] fourth amended complaint[, which was entered on the docket on June 9, 2020]. Also on June 3, 2020, this court issued another order sustaining the preliminary objections of [Mr.] Kumas and [Mr.] Lasky, and dismissing [Ms. DeVine's] fourth amended complaint[, which was likewise entered on the docket on June 9, 2020]. On July 6, 2020[,] [Ms. DeVine] filed a motion for reconsideration of this court's June [9], 2020[ o]rder dismissing [Ms. DeVine's] fourth amended complaint.

That same day[, Ms. DeVine] also filed a notice of appeal to the Superior Court of Pennsylvania [regarding] this court's June [9], 2020[] order. On July 8, 2020, this [c]ourt denied [Ms. DeVine's] motion for reconsideration. On July 9, 2020, this court ordered [Ms. DeVine] to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). [Ms. DeVine] filed a timely [Rule] 1925(b) statement on July 30, 2020.

Trial Court Opinion (TCO), 12/11/20, at 1-3 (some brackets in original; footnote, unnecessary capitalization, and internal citations omitted).

Presently, Ms. DeVine raises one question for our review:

Did the trial [court] err[] as a matter of law by failing to adhere to the legal principles set forth in ***Ham v. Sulek***, 620 A.2d 5 (Pa. Super. 1993), ***Mellon Bank, N.A. v. Fabinyi***, 650 A.2d 895 (Pa. Super. 1994)[,] and ***Mistick, Inc. v. Northwestern National Casualty Company***, 806 A.2d 39 (Pa. Super. 2002), in sustaining the preliminary objections of [Appellees] in the nature of a *demurrer* and in dismissing [Ms. DeVine's] fourth amended complaint with prejudice[?]

---

[6] Mr. Kumas and Mr. Lasky were represented by different counsel than Attorney Taylor. Mr. Kumas and Mr. Lasky filed their own preliminary objections, and Attorney Taylor filed his own preliminary objections.

Ms. DeVine's Brief at 3.

Before delving into Ms. DeVine's issue, we must first consider the propriety of her filing one notice of appeal from two final orders. As mentioned in the summary of the case provided by the trial court *supra*, the trial court filed two separate orders on June 9, 2020. In the first order, the trial court sustained Attorney Taylor's preliminary objections and dismissed Ms. DeVine's fourth amended complaint with prejudice. In the second order, the trial court sustained Mr. Kumas's and Mr. Lasky's preliminary objections and dismissed Ms. DeVine's fourth amended complaint with prejudice. On July 6, 2020, Ms. DeVine filed a single notice of appeal, purporting to appeal from both orders. Though we discourage the practice of filing one notice of appeal from two final orders, we decline to quash Ms. DeVine's appeal on this basis. *See Interest of S.U.*, 204 A.3d 949, 952 n.2 (Pa. Super. 2019) (*en banc*) (citing *Gen. Elec. Credit Corp. v. Aetna Cas. & Sur. Co.*, 263 A.2d 448, 452-53 (Pa. 1970) (holding "that a single appeal is incapable of bringing on for review more than one final order, judgment or decree" except when circumstances permit appropriate appellate review); *Dong Yuan Chen v. Saidi*, 100 A.3d 587, 589 n.1 (Pa. Super. 2014)). As in *Gen. Elec. Credit Corp.*, (1) the issues raised as to both final orders are the same; (2) none of the Appellees objected to Ms. DeVine's bringing but one appeal; and (3) if Ms. DeVine's appeal were quashed, the period allowed for appeal will have already expired, precluding the institution of proper appeals. *See Gen. Elec. Credit Corp.*, 263 A.2d at 453. We also note that the trial court addressed the issues relating to each

order. *See Dong Yuan Chen*, 100 A.3d at 589 n.1. Accordingly, we will review Ms. DeVine's appeal.

As we address Ms. DeVine's issue, we remain mindful of our standard of review:

> A preliminary objection in the nature of a demurrer is properly [sustained] where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.
>
> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the [preliminary objections] will result in the denial of claim or a dismissal of suit, [the preliminary objections may be sustained] only where the case [is] free and clear of doubt.

*Hill v. Ofalt*, 85 A.3d 540, 547-48 (Pa. Super. 2014) (citation omitted; brackets in original).

Ms. DeVine argues that the trial court "erred as a matter of law in sustaining the preliminary objections of [Appellees] in the nature of a *demurrer* and in dismissing [her] fourth amended complaint with prejudice." Ms. DeVine's Brief at 10 (unnecessary capitalization omitted). Her entire

argument on this issue consists of the following, which we produce *verbatim*, aside from changing the parties' names at times:

> The trial judge erred by concluding, despite the well-founded, unchallenged factual allegations comprising the Fourth Amended Complaint – including the admission by Lasky and Kumas that Easy Property Holdings was not the intended purchaser of the subject properties on the day of the settlement – that the Fourth Amended Complaint did not set forth any legally cognizable causes of action, including claims of fraud, abuse of process, tortious interference with contractual relations and civil conspiracy.
>
> [Appellees], none of whom were parties to the underlying lawsuit, acting individually and collectively, deliberately, intentionally and fraudulently withheld critical information from the Court in the **underlying lawsuit** and from DeVine; knowingly made false statements under oath to the court in the **underlying lawsuit**; knowingly provided false information to DeVine and to the Court in the **underlying lawsuit**; and intentionally misled the court into concluding that **Easy Property Holdings, LLC** had been identified as the purchaser of the **subject properties** (two vacant building lots) and had been prepared to complete the purchase of the **subject properties** on the day of the scheduled settlement. These fraudulent misrepresentations and deliberate non-disclosures of the true facts continued throughout the *Easy Properties, LLC v. Strategy Restaurant and Catering Services, Inc.* litigation, at the trial level and the appellate levels. [Appellees], jointly, severally and collectively, conspired to defraud [Ms. DeVine] and dupe the trial Court into ruling that the **subject properties** owned by **DeVine** through **Strategy Restaurant** (her wholly owned legal entity) were to be transferred into the name of an entity controlled by **Kumas** and **Lasky** which had no connection to any agreement to purchase the **subject properties**. The factual allegations supporting the tortious conduct of the individual [Appellees] were amply fleshed out in the Fourth Amended Complaint and never refuted by the individual [Appellees]. [Appellees] abused the civil process by fraudulently asserting, in the underlying lawsuit, that Easy Property Holdings was the intended purchaser of the subject properties – an out-and-out lie, discredited by Lasky and Kumas in the case *sub judice* and totally unsupported or corroborated by any evidence, aside from their false sworn testimony in the underlying case. See, *Shiner v. Moriarty*, 706 A.2d 1228

(Pa.Super. 1998), appeal denied, 729 A.2d 1130 (Pa. 1998). The individual [Appellees] misused the civil process to perpetrate a fraud against DeVine.

[Appellees] also intentional interfered with contractual relations by providing patently false sworn testimony and by making patently false representations to the trial judge and to DeVine in the underlying case for the purpose of attempting, through fraudulent means, to acquire the subject properties in the name of an entity having absolutely no contractual relationship with the real or beneficial owner of the subject properties. *Pelagatti v. Cohen*, 370 Pa.Super. 422, 536 A.2d 1337, 1343 (Pa. Super. 1987).

The material allegations in the Fourth Amended Complaint is replete with well-founded assertions of civil conspiracy, (see, e.g. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466 (Pa. 1972)) and with well-founded assertions, with particularity, of fraud, intentional misrepresentation and intentional non-disclosure of material facts. *Bata v. Central-Penn Nat'l Bank of Philadelphia*, 224 A.2d 174 (Pa. 1966).

Ms. DeVine's Brief at 10-12 (emphasis in original).

As Ms. DeVine's argument contains numerous deficiencies, we deem her issue waived. This Court has previously explained that:

The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, we observe that the Commonwealth Court, our sister appellate court, has aptly noted that mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter.

*Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) (cleaned up).

Here, Ms. DeVine's argument lacks meaningful analysis. While she provides a few case citations, she fails to explain how those cases support her argument. She also does not examine any authority explicitly pertaining to fraud, abuse of process, tortious interference with contractual relations, and civil conspiracy, nor does she discuss the elements comprising those claims. In addition, Ms. DeVine does not specifically set forth how the averments in her complaint purportedly establish each of her causes of action against the respective Appellees, and she provides no citations to her complaint in her argument section. Instead, she makes assertions that are vague and conclusory. As Ms. DeVine's undeveloped argument precludes our appellate review, we deem her issue waived.

Nevertheless, even if not waived, we would see no reason to depart from the cogent rationale provided by the Honorable Paula A. Patrick of the Court of Common Pleas of Philadelphia County for sustaining Appellees' preliminary objections and dismissing Ms. DeVine's fourth amended complaint with prejudice. **See** TCO at 4-14. Accordingly, based on the foregoing, we affirm the trial court's orders.[7]

---

[7] We point out to Appellees that our Rules of Appellate Procedure permit parties to file an application with this Court for reasonable counsel fees in cases of frivolous appeals and obdurate, vexatious conduct. **See** Pa.R.A.P. 2744; Pa.R.A.P. 2751; Pa.R.A.P. 2572; **see also Commonwealth v. Wardlaw**, 249 A.3d 937, 947 (Pa. 2021) ("For example, an appellate court 'may award as further costs damages as may be just,' Pa.R.A.P. 2744, provided that, *inter alia*, the party receiving such damages makes '[a]n application for further costs and damages.' **Id.** 2751.").

Orders affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/16/2021</u>