J-A09038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EX REL SIX TRAILERS, THOMAS E. BOMBADIL, TIMOTHY D. PARR | : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| GAIL GUSTAFSON, ERNEST M. GUSTAFSON, JR., R AND G CONTRACTORS | | No. 2337 EDA 2021 |
| APPEAL OF: THOMAS E. BOMBADIL AND TIMOTHY D. PARR | | |

Appeal from the Order Entered November 1, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2020-19757

BEFORE: NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:            **FILED MAY 24, 2022**

A *sine qua non* of a cause of action is that it is brought by an actual person or some other cognizable legal entity. This essential requirement of a claim carries forward to the appellate stage of a case. Surreally, neither this appeal nor the underlying complaint were brought by an actual person or a cognizable legal entity. They were instead brought by fictious individuals, one of whom is a character in the Lord of the Rings novels. That being so, we could say no more and just affirm the trial court's dismissal of "Appellants'" complaint. However, because we also remand the matter to the trial court for

_____

[*] Retired Senior Judge assigned to the Superior Court.

imposition of attorneys' fees, a more detailed recitation of the facts will be provided below.

## I.

In previous litigation, Gail Gustafson, Ernest M. Gustafson Jr., and R&G Contractors (the Appellees) obtained possession of six storage trailers located on their property for non-payment of rent. To get around the preclusive effect of that judgment, an action was brought by "Appellants" seeking to retake possession of the trailers. The Appellees filed preliminary objections contending in part that the named plaintiffs in the complaint were fictitious and that the claims were procedurally barred after having been previously litigated by the real party in interest. The Court of Common Pleas of Montgomery County (trial court) agreed and in its opinion set forth following the facts and procedural history:

> [The parties captioned in the complaint sought] to obtain access and possession to storage trailers that were left on the property of Gail E. Gustafson. Prior to this action, the Appellees successfully prosecuted a landlord tenant action that led to the eviction of a "Timothy Parr" with an order of possession being entered on January 18, 2019. It is alleged, in the instant complaint [filed on November 26, 2020] that Tim Parr was renting the open space from Appellee Gail E. Gustafson and that there was a breakdown of the relationship resulting in the six trailers and the contents therein remaining on the land. Further proceedings ensued and the Appellant[s] as captioned ultimately los[t] access to the six trailers and the personal property contained therein. Consequently, Appellant[s] as captioned initiated the present . . . actions.
>
> In reviewing the averments contained in the complaint, the aforementioned landlord tenant action was initiated against a "Timothy David Parr" who by admission is a ". . . nonsense

imaginary 'tenant' of the open parking lot" [owned by Appellees]. Appellant[s] as captioned aver[] at paragraph 3 of the complaint that Tim Parr is a fictional tenant against whom the Appellees obtained an order for possession in the underlying landlord tenant matter and at paragraph 10 of the complaint, Appellant[s] as captioned avers that the Appellees obtained no judgment against "SIX TRAILERS ET AL."

The procedural history of the instant matter reflects a serious flouting of the rules of court by the *pro se* Appellant[s] as captioned. It tells a story of frustration and recalcitrance stemming from the landlord tenant action brought by a landlord who allegedly had not received its due rent and a tenant who felt wronged as a result of losing access to trailer and the property contained therein as a result of the landlord tenant proceedings. The landlord tenant action is docketed at 2018-28338 and extensively referenced in the complaint by the Appellant[s] as captioned. The defendants in the landlord tenant action are Tim Parr, Frank J. Colantonio, Ernie Gustafson, John Michaels, and R&G Contractors. On February 11, 2021, a final decision was entered in the landlord tenant action finding in favor of Gail E. Gustafson, and against Tim Parr and R&G Contractors for [p]ossession of 3575 Davisville Road, Hatboro, Pennsylvania and damages for back rent in the amount of $13,200.00.

In response to the [present] complaint, the Appellees filed preliminary objections, on February 19, 2021, raising the following arguments: (1) Appellant[s'] Complaint should be dismissed pursuant to Pa.R.C.P. 233.1; (2) Appellant[s'] Complaint should be dismissed pursuant to Pa.R.C.P. 1028(a)(4) based on the argument that there can be no possible cause of action for unlawful conversion or replevin because the Appellant[s] as captioned herein abandoned the property that was placed on the premises located at 3575 Davisville Rd, Hatboro, Pa.' and (4) Appellant[s'] Complaint should be dismissed pursuant to Pa.R.C.P. 1028(a)(5) because the complaint in the instant matter was initiated by fictional characters such as "John Michaels" and "Tom Bombadil," and because Timothy D. Parr regularly denied his own existence.

Contrary to the applicable rules of court, on May 4, 2021, a cross claim complaint for damages was filed by the [Appellants] as captioned against R&G Contractors without first obtaining the written consent of all parties or by leave of court pursuant to

Pa.R.C.P. 2253. Further, on May 5, 2021, a "Judgment by Stipulation" was filed purportedly entering judgment in favor of the Appellant[s] as captioned and against R & G Contractors and Gail E. Gustafson et al. This judgment by stipulation was signed by "Timothy D. Parr" and "Tomas Bombadil" on behalf of "Ex Rel Six Trailers." Additionally, on May 5, 2021, a praecipe for writ of seizure was filed in contravention to Pa.R.C.P. 1075.1, which prescribes the procedure for obtaining the issuance of a writ of seizure.

This trial court initially scheduled argument on the preliminary objections to be conducted via a Zoom meeting as they have become prevalent during this period of the Covid-19 Pandemic. A person representing himself as "Tom Bombadil" appeared on behalf of the Appellant[s] as captioned and grudgingly affirmed that any testimony he might offer would be the truth. When it became apparent to this trial court that "Tom Bombadil" was unable to conduct himself with the requisite decorum for a court proceeding, the zoom proceeding was discontinued and the argument on the preliminary objections was rescheduled for argument in the courthouse for November 1, 2021. On November 1, 2021, the Appellant[s] as captioned did not appear for the oral argument in the courthouse, including "Tom Bombadil." Tim Parr did not appear at any of the proceedings conducted by this trial court.

Trial Court 1925(a) Opinion, 12/9/2021, at 2-5 (citations and footnotes omitted).

Following a hearing held on November 1, 2021, the trial court granted a preliminary objection in the nature of a demurrer based on Pa.R.C.P. 1028(A)(4). The trial court found that the complaint was legally insufficient as a matter of law because the named plaintiffs did not exist and all the asserted claims had been previously litigated in case number 2018-28338. *See* Trial Court 1925(a) Opinion, 12/9/2021, at 6-8. All other preliminary

- 4 -

objections were dismissed as moot.[1]   A timely appeal was then filed by

"Thomas E. Bombadil and Timothy D. Parr."[2]

## II.

The "Appellants'" brief is nonsensical and the stated grounds for relief

are nearly impossible to discern.[3]   Ostensibly, as stated in the questions for

---

[1] The Pennsylvania Rules of Civil Procedure require that "all actions shall be prosecuted by and in the name of the real party in interest[.]"  ***Ham v. Sulek***, 620 A.2d 5, 8 (Pa. Super. 1993) (quoting Pa.R.C.P. 2002).  "The real party in interest rules were enacted in order to simplify the practice of law by avoiding legal fictions, by abolishing technicalities and "to prevent the real party in interest from hiding behind the legal plaintiff."  ***Ham***, 620 A.2d at 8 (quoting ***Reinsmith v. McCready***, 53 Pa.D. & C. 376 (1944)).

[2] On review of an order sustaining a preliminary objection in the nature of a demurrer, our scope of review is plenary, and preliminary objections which result in the dismissal of the suit or the denial of the claim must be upheld in cases which are clear and free from doubt.  ***Ham***, 620 A.2d at 8.  The question posed by a demurrer is whether the law precludes relief, even assuming the truth of the facts alleged.  ***See id***.  Accordingly, a demurrer should be sustained only in cases where the plaintiff has clearly failed to state a claim upon which relief may be granted.  ***See Eckell v. Wilson***, 597 A.2d 696 (Pa. Super. 1991).  A demurrer should not be sustained if there is any doubt as to whether the complaint adequately states a claim for relief under any theory of law, and all favorable inferences that may be drawn from well-pleaded facts must be afforded to the real party in interest.  ***See Mazzagatti v. Everingham***, 516 A.2d 672 (Pa. 1986).

[3] Additionally, the "Appellants'" brief fails to satisfy the minimal standards needed for meaningful merits review.  "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority."  ***Eichman v. McKeon***, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted).  To that end, Pa.R.A.P. 2119 requires that the argument section of a brief must "be divided into as many parts as there are questions to be argued; and shall have at the head of each part – in distinctive type or in type distinctively displayed – the particular point treated therein, followed by such discussion and citation of
*(Footnote Continued Next Page)*

review, the "Appellants" argue that the trial court erred in granting a preliminary objection in the nature of a demurrer because their underlying complaint had adequately set forth a claim for treble damages against the Appellees based on their "trespass of chattels & vexatious oppression." **See** Appellants' Brief, at 4-5; Complaint in Replevin, 11/26/2020, at ⁋ 20. According to the "Appellants," the prior proceedings in which Gail Gustafson was granted possession of the six trailers outside of Hatboro Pennsylvania had no legal effect.

In a typical case, we would dispose of an appeal by addressing the merits of cognizable claims and denying relief when none is due. We cannot even get to that point here, however, because we can only consider claims asserted by a real person or entity, and "Appellants" do not dispute the trial court's finding that they do not exist. "Appellants" instead only assert that "Thomas E. Bombadil" and "Timothy D. Parr" are real parties in interest who

_____

authorities as are deemed pertinent." "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006).

The "Appellants' " brief in this case contains vague, disorganized and conclusory claims that the order granting possession of the trailers to Gail Gustafson in case number 2018-28338 is not controlling. No specific issue is properly raised and developed by a coherent application of relevant facts to relevant legal authority. The brief also does not comport with any of the technical requirements of Pa.R.A.P. 2119. Thus, no appellate relief is warranted.

are separate or distinct from the "Timothy D. Parr" or "Tim Parr" who had litigated the ownership of the six trailers at issue in case number 2018-28338.[4]

This attempt to differentiate the parties in the previous matter does not at all establish that the "Appellants" in the present case are actual persons. We note that in case number 2018-28338, the order rendering a final adjudication identified the defendants as "Timothy David Parr a/k/a/ Tim Parr t/a R&G General Contractors." In the instant complaint, "Appellants" alleged (and we therefore take as true) that the individual, "Timothy David Parr" referenced in that previous order was a "fictional 'tenant'" who does not exist. Complaint, 11/26/2020, at ₽ 3. Further, the "Appellants" do not dispute that "Tom Bombadil" is a character in the Lord of the Rings fantasy novels and not a real person.

Because both of the captioned "Appellants" are admitted to be fictitious, they are obviously not capable of showing an immediate possessory right to the six storage trailers now at issue, just as the trial court concluded. Trial Court 1925(a) Opinion, 12/9/2021, at 8. Thus, we affirm the trial court's

_____

[4] The names "Tim Parr" and "Timothy David Parr" were used interchangeably by the defendant(s) in those earlier landlord-tenant proceedings in case number 2018-28338. For example, "Timothy David Parr" appears in the caption of the Defendant's Preliminary Objections. The verification and certification sections of that pleading were signed and dated by "Tim Parr," with the name, "Timothy David Parr," printed directly under each of the signature lines.

order sustaining the Appellees' preliminary objections and dismissing the complaint.

## III.

Understandably, the Appellees have requested relief pursuant to Pa.R.A.P. 2744(1), which permits this Court to award a reasonable counsel fee "as may be just." An award of these damages may be just if it is determined that "an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate, or vexatious." Pa.R.A.P. 2744(2). This standard is met if "the appeal has no basis in law or fact." *Menna v. St. Agnes Med. Center*, 690 A.2d 299, 304 (Pa. 1997). An appeal taken by a fictious individual to avoid preclusive effect of a prior judgment is more than frivolous and that alone would warrant the imposition of attorneys' fees.

Moreover, the record makes clear that the underlying complaint and appeal were filed for vexatious and dilatory purposes. For example, a "Notice and Warning to Desist" was sent to Gail Gustafson during the pendency of the landlord-tenant action, warning her that "[r]egardless of the outcome, [she should] be prepared for several years of futile litigation [in the Superior Court] that will cost . . . upwards of $100,000." The so-called Notice declared that the legal action was improperly brought against the "fictional character of 'Timothy David Parr'" and yet, bizarrely, the Notice was then signed by "Timothy David Parr." One can only conclude from such strange and absurd

communications that the present proceedings are now being used as tools of delay and harassment, just as promised.

Accordingly, the Appellees' request for reasonable attorneys' fees is granted. This case is remanded to the trial court so that it may make the appropriate findings as to a reasonable fee amount and the identity of the party against whom that award will be directed. *See Menna*, 690 A.2d at 311 (remanding case to trial court "to conduct a hearing and determine the proper amount of appellant's renumeration.").

Order affirmed. Case remanded for determination on reasonable attorneys' fees. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2022