J-A24020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESSEL AL-SALEEM | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HEALTH NETWORK LABORATORIES, | : | No. 795 EDA 2022 |
| L.P. | : | |

Appeal from the Order Entered February 17, 2022
In the Court of Common Pleas of Lehigh County
Civil Division at No(s):  2020-C-1255

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED JANUARY 3, 2023**

Essel Al-Saleem, M.D., appeals from the trial court's February 17, 2022 order entering summary judgment in favor of Health Network Laboratories, L.P. ("HNL"), and against Dr. Al-Saleem. Additionally, Dr. Al-Saleem challenges the February 2, 2022 order sustaining in part and overruling in part HNL's preliminary objections and dismissing Count II of Dr. Al-Saleem's second amended complaint, which was made final by the entry of summary judgment. After careful review, we affirm.

Dr. Al-Saleem is a board-certified pathologist with a specialty in hematopathology. HNL operates anatomical pathology labs. Dr. Al-Saleem and HNL executed an employment agreement whereby HNL employed Dr. Al-Saleem to provide anatomical and clinical pathology services beginning on July 15, 2019, and concluding on December 31, 2021. The employment agreement

permits HNL to terminate the agreement for cause without notice and without further obligation to compensate Dr. Al-Saleem. The employment agreement also allows HNL to terminate the agreement without cause, provided HNL affords Dr. Al-Saleem 90 days' written notice of termination. Termination without cause entitles Dr. Al-Saleem to an additional three months' salary.

HNL terminated Dr. Al-Saleem's employment on December 2, 2019, pursuant to the provision of the employment agreement governing termination without cause. HNL instructed Dr. Al-Saleem to stop reporting to work but continued to pay Dr. Al-Saleem's salary through the 90-day notice period. HNL also paid Dr. Al-Saleem an additional three months' salary following the conclusion of the notice period.

On May 28, 2020, Dr. Al-Saleem filed a complaint alleging wrongful termination, violation of Pennsylvania's Whistleblower Law,[1] and breach of contract. Dr. Al-Saleem alleged that she was terminated in retaliation for her numerous reports about lab practices she believed were "unsafe, unethical, illegal and/or out of compliance[.]" Complaint, 5/28/20, ¶ 31. Dr. Al-Saleem raised concerns about, among others, "outdated" reporting values, which resulted in unnecessary testing; lack of pathologist review before samples were sent to the cytopathology section; and alterations made to her own reports without her knowledge or approval. *See id.* at ¶¶ 36-39, 52-53. Dr.

---

[1] *See* 43 P.S. §§ 1421-1428.

Al-Saleem alleged that she spoke with several superiors about these concerns. *See id.* at ¶¶ 43-47, 49.

Dr. Al-Saleem subsequently filed an amended complaint.[2] HNL filed preliminary objections asserting the complaint failed to allege facts sufficient to constitute a cause of action. Dr. Al-Saleem filed a response. Following oral argument, the trial court sustained HNL's preliminary objections and granted Dr. Al-Saleem permission to file a second amended complaint.

On July 16, 2021, Dr. Al-Saleem filed her second amended complaint. Therein, Dr. Al-Saleem alleged that the use of "outdated" limits for normal interval values in tests caused unnecessary additional testing, and in turn, "in unwarranted billing to insurance companies, and governmental payors including, without limitation, Medicare and Medicaid." Second Amended Complaint, 7/16/21, at ¶ 37; *see also id.* at ¶¶ 39, 54. Further, Dr. Al-Saleem alleged that such unnecessary testing "would fall within the company's internal definition of 'abuse' which includes practices that may directly or indirectly result in unnecessary cost to the Medicare program or other federal or state programs." *Id.* at ¶ 55; *see also id.* (stating the same definition of "abuse" is used in HNL's compliance investigations policy). Dr. Al-Saleem also generally alleged that HNL engaged in self-referral, which constitutes fraud. *See id.* at ¶¶ 57-58.

_____

[2] HNL filed preliminary objections to the original complaint, but they were dismissed as moot after Dr. Al-Saleem filed the amended complaint.

HNL again filed preliminary objections claiming the second amended complaint had not remedied the defects of the first amended complaint. Dr. Al-Saleem filed a response. The parties appeared for oral argument on the preliminary objections in December 2021. On February 2, 2022, the trial court entered an order sustaining in part and overruling in part HNL's preliminary objections and dismissing Count II (Whistleblower Law) of Dr. Al-Saleem's second amended complaint. In particular, the trial court concluded Dr. Al-Saleem failed to allege she made a good faith report of waste or wrongdoing by HNL. *See* Order, 2/2/22.

Prior to the final resolution of the preliminary objections, HNL also filed a motion for summary judgment on all three counts.[3] HNL argued that Dr. Al-Saleem's wrongful termination claim fails as a matter of law because she did not establish that she was an at-will employee, where her position was governed by an employment agreement. Additionally, HNL argued that Dr. Al-Saleem failed to establish either that HNL breached the employment agreement by barring her from working during the 90-day notice period or that she suffered monetary damages as a result. Dr. Al-Saleem filed an answer. The trial court conducted a hearing, and on February 17, 2022, the court entered an order granting summary judgment in favor of HNL and

---

[3] Because the trial court dismissed Count II in its February 2, 2022 order, the court did not address the Whistleblower Law claim on summary judgment.

against Dr. Al-Saleem on the remaining wrongful termination and breach of contract claims. The instant timely appeal followed.

On appeal, Dr. Al-Saleem raises the following questions for our review:

1. Did the trial court err in sustaining HNL's preliminary objections with respect to Dr. Al-Saleem's claim under the Whistleblower Law in holding that the operative complaint did not allege a good faith report of wrongdoing or waste[,] where Dr. Al-Saleem sufficiently pled that she made a good faith report of wrongdoing and waste, that Dr. Al-Saleem's report made clear how HNL was guilty of wrongdoing and provided information sufficient to identify the laws violated, and explained how HNL's wrongful acts violated the cited statutes?

2. Did the trial court err in granting HNL's motion for summary judgment with respect to Dr. Al-Saleem's claim of wrongful termination in holding that Dr. Al-Saleem was not an at-will employee because she had a written contract of employment[,] where Dr. Al-Saleem presented sufficient evidence that she was an at-will employee, as Dr. Al-Saleem was terminated without cause prior to the expiration of the purported term, and thus she was entitled to the Pennsylvania common law exception to the at-will employment doctrine requiring that employees not be retaliated against for opposition to and refusal to engage in illegal activity in violation of Pennsylvania public policy?

3. Did the trial court err in granting summary judgment with respect to Dr. Al-Saleem's claim for breach of contract where Dr. Al-Saleem presented sufficient evidence that HNL terminated Dr. Al-Saleem without allowing her [to] work during the 90[-]day notice period?

4. Did the trial court err in granting summary judgment with respect to Dr. Al-Saleem's claim for breach of contract where Dr. Al-Saleem presented sufficient evidence that HNL compelled Dr. Al-Saleem to perform services for which she was not qualified in direct contradiction of the terms of the agreement?

5. Did the trial court err in granting summary judgment with respect to Dr. Al-Saleem's claim for breach of contract where Dr. Al-Saleem presented sufficient evidence that she suffered damages as a result of HNL's breaches of contract?

- 5 -

Appellant's Brief at 5-6 (some capitalization omitted).

In her first issue, Dr. Al-Saleem claims the trial court erred in sustaining HNL's preliminary objections to her Whistleblower Law claim. **See id.** at 23-27. Dr. Al-Saleem argues she made a good faith report of waste and informed her supervisors of fraudulent conduct. **See id.** at 23-24.

We review a trial court's order sustaining preliminary objections for an error of law:

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

**Feingold v. Hendrzak**, 15 A.3d 937 (Pa. Super. 2011) (citation omitted). A court addressing preliminary objections in the nature of a demurrer is limited to review only of the pleadings. **See Morley v. Gory**, 814 A.2d 762, 764 (Pa. Super. 2002). When demurring to a complaint, "no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented[.]" **Id.** (citations and quotation marks omitted).

Importantly, a plaintiff under the Whistleblower Law must identify concrete actions or omissions of the employer, and explicitly identify the law that the conduct or omission violated. **See Greco v. Myers Coach Lines,**

*Inc.*, 199 A.3d 426, 433 (Pa. Super. 2018). "[R]eports of vague or subjectively wrong conduct are not considered wrongdoing under the Whistleblower Law." *Id.* (citation omitted).

Here, the trial court concluded, among other reasons, that dismissal of the Whistleblower Law claim was appropriate because Dr. Al-Saleem failed to establish how any of HNL's alleged actions violated any of the cited statutes. *See* Trial Court Order, 2/1/22, n.1. We agree.

In her complaint, Dr. Al-Saleem identifies at least 13 separate statutes the HNL allegedly violated. *See* Second Amended Complaint, 7/16/21, at ¶ 108. However, the complaint does not make any attempt to apply the terms of these statutes to her allegations. For example, 18 U.S.C. § 1035 prohibits a person involved in a health care benefit program from knowingly and willfully making misleading statements about material facts. While Dr. Al-Saleem alleged that HNL used reporting ranges that differed significantly from other providers in the industry, she did not allege that these reporting ranges are materially false or misleading. Nor did she allege that HNL or its employees knowingly and willfully used misleading reporting ranges.

As a result, we conclude Dr. Al-Saleem has not established the trial court erred in sustaining the demurrer to her Whistleblower Law claim. Her first argument on appeal merits no relief.

Dr. Al-Saleem's remaining issues challenge the trial court's entry of summary judgment in favor of HNL. Our review of an order granting summary

judgment entails reviewing the record to determine whether there is a triable issue of fact:

> Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. … When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt. On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material facts presents a question of law, and therefore, on that question our standard of review is *de novo*. …

**Burlington Coat Factory of Pa., LLC v. Grace Const. Mgmt. Co., LLC**, 126 A.3d 1010, 1017 (Pa. Super. 2015) (citation and internal brackets omitted).

Dr. Al-Saleem asserts the trial court erred by concluding she was not an at-will employee and therefore could not maintain a wrongful termination claim. **See** Appellant's Brief at 28. According to Dr. Al-Saleem, the employment agreement did not alter her at-will employee status because it permitted termination without cause. **See id.** at 28-29.

In an at-will employment relationship, either party may terminate the relationship at any time and for any or no reason. **See Mikhail v. Org. for Women in Early Recovery**, 63 A.3d 313, 316 (Pa. Super. 2013). "[E]mployment is presumed to be at-will unless it is shown that the parties contracted to restrict the right to terminate employment." **Deal v. Children's**

- 8 -

*Hosp. of Phila.*, 223 A.3d 705, 711 (Pa. Super. 2019); *see also Grose v. Procter & Gamble Paper Prods.*, 866 A.2d 437, 441 (Pa. Super. 2005) ("A clear and definite intention to overcome the presumption must be expressed in the contract." (citation and quotation marks omitted)). The presumption can only be overcome if it is clearly established that the parties contracted for a definite period. *See DiBonaventura v. Consol. Rail Corp.*, 539 A.2d 865, 867 (Pa. Super. 1988). If an employment agreement sets forth a definite period, the tort of wrongful discharge is unavailable to the employee. *See H & R Block Eastern Tax Servs., Inc. v. Zarilla*, 69 A.3d 246, 252 (Pa. Super. 2013)

The trial court here concluded that the employment agreement was for a definite period. *See* Trial Court Memorandum, 2/17/22, at 2. Once again, we agree.

As Dr. Al-Saleem concedes in her brief, the employment agreement contains an explicit term of 29 months. *See* Appellant's Brief, at 29 ("despite the fact that the Employment Agreement contained a definite term for employment…"); Employment Agreement, 5/15/19, at ¶ 2.[4] Nevertheless, Dr.

_____

[4] We note that the employment agreement is entirely absent from the certified record on appeal. Ordinarily "matters which are not of record cannot be considered on appeal." *See Commonwealth v. Holston*, 211 A.3d 1264, 1275 (Pa. Super. 2019) (*en banc*). "[T]he ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant[.]" *Id.* at 1276. Here, we decline to quash the appeal on the basis of the missing agreement – which is central to all of Dr. Al-Saleem's claims – as there is no
*(Footnote Continued Next Page)*

- 9 -

Al-Saleem argues that because the agreement provides for termination prior to 29 months without cause, it is not, as a matter of law, a contract for a definite term.

Dr. Al-Saleem's argument on appeal fails to recognize that the trial court did not conclude the employment agreement had a definite term of 29 months. Rather, the trial court concluded the employment agreement set forth a definite term of 90 days. To understand why, we must look at the "Termination Without Cause" provision of the agreement.

There, the employment agreement limits HNL's power to discharge Dr. Al-Saleem without cause by requiring HNL to provide 90 days' prior written notice of the discharge to Dr. Al-Saleem. *See* Employment Agreement, 5/15/19, at ¶ 8(D). The paragraph details that HNL is obligated to pay Dr. Al-Saleem her salary and benefits for the 90 days so long as the termination was without cause. *See id.* Under these circumstances, we agree with the trial court's conclusion that the employment agreement creates a "rolling" definite term of 90 days for Dr. Al-Saleem's employment. As such, we conclude Dr. Al-Saleem is due no relief on her challenge to the trial court's grant of summary judgment to HNL on her common law wrongful discharge claim.

---

dispute as to the terms of the agreement and the Reproduced Record contains a full copy. However, we caution counsel that we are not *required* to ignore this misstep under these circumstances.

- 10 -

Even if she were an at-will employee, Dr. Saleem would be due no relief, as she has failed to identify an established mandate of public policy that HNL violated by terminating her employment. There is generally "no common law cause of action against an employer for termination of an at-will employment relationship." ***McLaughlin v. Gastrointestinal Specialists, Inc.***, 750 A.2d 283, 287 (Pa. Super. 2000) (citation omitted). However, there is an exception "only in the most limited circumstances, where the termination implicates a clear mandate of public policy." ***Weaver v. Harpster***, 975 A.2d 555, 563 (Pa. 2009); ***see also Deal***, 223 A.3d at 712. Wrongful discharge claims have only been allowed where the discharge infringes on statutory or constitutional rights. ***See Weaver***, 975 A.2d at 563.

Dr. Al-Saleem maintains that she was an at-will employee and sufficiently stated a claim for wrongful termination. However, even as an at-will employee, Dr. Al-Saleem would have to establish her termination implicates a mandate of public policy in order to bring a wrongful termination claim. ***See Weaver***, 975 A.2d at 563. Dr. Al-Saleem does not identify an applicable public policy consideration that would allow her to advance a wrongful termination cause of action. Because Dr. Al-Saleem did not allege or prove her discharge by HNL falls within the limited public policy exception to the employer's right to discharge an at-will employee for any or no reason, Dr. Al-Saleem could not maintain a cause of action for wrongful termination.

Therefore, the trial court did not err in granting summary judgment in favor of HNL on this issue.

Next, Dr. Al-Saleem claims that the trial court incorrectly concluded HNL did not breach the employment agreement.[5] *See* Appellant's Brief at 32-37. "To successfully maintain a cause of action for breach of contract the plaintiff must establish: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Hart v. Arnold*, 884 A.2d 316, 332 (Pa. Super. 2005).

The parties do not dispute that the employment agreement constitutes a contract. Rather, the parties disagree about certain provisions in the agreement. Dr. Al-Saleem first asserts that the employment agreement requires HNL to permit Dr. Al-Saleem to continue working during the 90-day period following notice of termination. HNL terminated Dr. Al-Saleem's employment under the "without cause" provision of the agreement, which provides as follows:

> **D. Termination Without Cause:** HNL may terminate this Agreement without cause at any time upon ninety (90) days written notice to Physician. In the event that HNL terminates this Agreement without cause pursuant to this provision, Physician shall be entitled to three (3) months of salary continuation (*i.e.*, severance) following the end of the notice period. In the event that Physician obtains subsequent employment before or during

---

[5] Despite raising her breach of contract claims as three distinct issues in her statement of questions involved, Dr. Al-Saleem combines her discussion of all three issues in her argument. *See* Pa.R.A.P. 2119(a) (providing that the argument section of an appellant's brief "shall be divided into as many parts as there are questions to be argued").

the salary continuation period, HNL's salary continuation obligation shall be offset by any compensation received by Physician from the subsequent employment. Physician shall have a duty to use reasonable efforts to mitigate Physician's damages in this regard.

Physician may terminate this Agreement at any time upon (90) days written notice to HNL. At the time of notification, HNL reserves the right to release the Physician from this agreement at any time thereafter. If the Physician is requested to leave early and without cause, Physician shall be entitled to salary and benefits continuance for the duration of the ninety (90) day notification period.

Employment Agreement, 5/15/19 at ¶ 8(D).

The trial court concluded Dr. Al-Saleem failed to establish a *prima facie* claim of breach of contract. **See** Trial Court Opinion, 2/17/22, at 3. Here, the employment agreement explicitly required HNL to provide Dr. Al-Saleem with 90 days' notice of termination, after which time she would remain entitled to an additional 3 months' severance pay. However, the terms of the agreement did not require HNL to allow Dr. Al-Saleem to continue working in its facilities after making the decision to terminate her employment. In fact, the last sentence of ¶ 8(D) explicitly allows for HNL to end Dr. Al-Saleem's employment before the end of the 90-day notice period so long as it continues to pay her salary and benefits. Dr. Al-Saleem continued to receive her salary through both the notice and severance periods in accordance with the terms of the agreement. Under these circumstances, Dr. Al-Saleem failed to establish that HNL breached the employment agreement by ending her

employment prior to the end of the 90-day notice period. Accordingly, the trial court properly granted summary judgment in favor of HNL on this basis.

Dr. Al-Saleem also argues that HNL breached the employment agreement by requiring her to perform tests despite her lack of qualifications to do so. **See** Appellant's Brief at 34. However, Dr. Al-Saleem's argument on this matter contains no more than bald allegations. She completely fails to argue that either her performance or refusal to perform these tests led to her termination without cause. This claim is therefore waived. **See Bombar v. West Am. Ins. Co.**, 932 A.2d 78, 93 (Pa. Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Based upon the foregoing, we affirm the trial court's order granting HNL's preliminary objections in part and dismissing Dr. Al-Saleem's Whistleblower Law claim, and the order entering summary judgment in favor of HNL as to Dr. Al-Saleem's remaining claims.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/3/2023